UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   CV 16-07991-AB (JPRx) | Date:   February 23, 2017 |

Title: *Nancy Schwartz v. Opus Bank et al*

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Ingrid Valdes | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order Appointing Arkansas Public Employees Retirement System as Lead Plaintiff and Appointing Lead Counsel

    This is a putative class action for securities fraud under Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, for false and misleading statements made by Defendants during the Class Period.   Pending before the Court are competing Motions for Appointment of Lead Plaintiff and Class Counsel.   The Court took this matter under submission on January 19, 2017.   (Dkt. Nos. 40, 41.)   For the reasons discussed below, the Court GRANTS Movant Arkansas Public Employees Retirement System's ("APERS") Motion for Appointment of Lead Plaintiff and Class Counsel, (Dkt, No. 23.) and DENIES Movants Boston Retirement System and Southeastern Pennsylvania Transportation Authority ("BRS" and "SEPTA") Motion for Appointment of Lead Plaintiff and Class Counsel. (Dkt. No. 15.)

## I. BACKGROUND

On October 26, 2016, Plaintiff Nancy Schwartz ("Plaintiff") filed a class action complaint ("Complaint") on behalf of persons and entities that acquired securities from Defendant Opus Bank ("Opus") between July 28, 2014, and October 17, 2016 (the "Class Period"). (Dkt. No. 1.) The Complaint asserts claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, for false and misleading statements made by Defendants during the Class Period.

Opus is an FDIC-insured, California-chartered commercial bank that offers a wide variety of loan products. Plaintiff alleges that throughout the class period, Defendants misrepresented the quality of Opus' loans as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. (Complaint, Dkt. No. 1, ¶ 5.) Plaintiff avers that several of Opus' loans suffered from poor quality and Opus failed to adequately account for these loans under Generally Accepted Accounting Principles ("GAAP"). (*Id.*) Plaintiff asserts that Defendant's materially false or misleading statements resulted in Plaintiff and other members of the class purchasing Opus securities at artificially inflated prices. (*Id.* ¶ 47.)

On October 17, 2016, Opus announced that it would be taking charge-offs totaling $38.8 million in connection with eight loans that had been negatively impacting the Company's earnings for the prior eight quarters. (*Id.* ¶ 36.) Plaintiff asserts that, as a result of this revelation, Opus' stock price fell $7.25 per share, or 21%, on October 17, 2016, and continued to drop over the subsequent trading sessions, falling another $7.10 per share, or nearly 27%, on October 26, 2016, following an October 24, 2016 conference call with investors to discuss the Company's loan losses. (*Id.* ¶¶ 37, 38.) Plaintiff asserts that due to the significant decline in the value of the Company's securities, Plaintiff and other Class members have suffered losses. (*Id.* ¶ 49.)

## II. LEGAL STANDARD

Under the Private Securities Litigation Reform Act ("PSLRA"), no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. *Id.*

  Within 90 days after publication of the notice, the Court shall consider any motion made by a class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* The presumptively most adequate plaintiff is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

## III. DISCUSSION

**Appointment of Lead Plaintiff**

  Glancy Prongay & Murray, counsel-of-record in this matter, published the required notice in *Business Wire* on October 26, 2016. (Prongay Decl., Dkt. No. 25, Ex. A) APERS motion to serve as lead plaintiff was timely filed. APERS asserts that they purchased a net total of 50,649 shares and suffered losses of approximately $702,000 from their purchases of Opus securities during the class period. (Prongay Decl., Ex. C.) Although three other movants filed competing motions, each movant has either withdrawn its motion or filed a notice of non-opposition to APERS' Motion, conceding that APERS has the "largest financial interest in relief." (Dkt. Nos. 28, 29, 35.)

  APERS claims meet the "typicality" and "adequacy" requirements of Rule 23(a). Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). APERS' claims arise out of the same events and are based on the same legal theories as the claims of the other class members. Additionally, APERS would adequately represent the class. "[Rule 23(a)'s] adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) (citing *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 U.S. Dist. LEXIS 28406, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007)).

  APERS has retained Cohen Milstein Sellers & Toll PLLC, a firm that is highly experienced in prosecuting class action cases for violations of securities laws.

Additionally, APERS' has a significant financial stake in this action, and will vigorously advocate on behalf of the class. Furthermore, there is no evidence that APERS has any conflicts with the class or would be otherwise unable to effectively represent the class. None of the other movants have argued that APERS does not meet these adequacy or typicality requirements. Accordingly, the Court appoints APERS as lead plaintiff.

**Appointment of Lead Counsel**

After a court designates a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. 77z-1(a)(3)(B)(v). As mentioned above, APERS has selected the law firm of Cohen Milstein to represent it as lead counsel and Glancy Prongay & Murray LLP to serve as liaison counsel. The Court has reviewed the resume of Cohen Milstein and is satisfied that it is capable of serving competently in the role of lead counsel. (*See* Prongay Decl., Ex. D.) (Cohen Milstein resume). The firm has extensive experience litigating large and complex securities class actions, and is very familiar with the applicable law. Accordingly, the Court appoints Cohen Milstein lead counsel.

The Court has also reviewed the resume of Glancy Prongay & Murray, whom APERS has selected as liaison counsel. (*See* Prongay Decl., Ex. E.) Based on their extensive experience in the area of securities class action litigation, the Court hereby approves the selection of Glancy Prongay and Murray LLP as liaison counsel.

**V. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion of Arkansas Public Employees' Retirement System for appointment as lead plaintiff and approves its selection of Cohen Milstein Sellers & Toll PLLC as lead counsel and Glancy Prongay & Murray LLP as liaison counsel. (Dkt. No. 23.) BRS and SEPTA's motion for appointment as lead counsel is DENIED. (Dkt. No. 15.)

**IT IS SO ORDERED**