EXECUTION COPY

**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Telephone: (310) 201-9150
Facsimile: (301) 432-1495
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
lportnoy@glancylaw.com
*Liaison Counsel for Lead Plaintiff and the Class*
[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON, <br><br> Defendants. | Civil No. 2:16-cv-07991-AB-JPR <br><br> **STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of December 22, 2017 (the "Stipulation" or "Settlement"), is made and entered into between Arkansas Public Employees Retirement System ("Lead Plaintiff" or "APERS"), on behalf of itself and each of the Class Members (as defined below), and Opus Bank ("Opus"), Stephen H. Gordon ("Gordon"), and Michael L. Allison ("Allison")[1] by and through their undersigned respective counsel and subject to the approval of the United States District

---

[1] Gordon and Allison are referred to together as the "Individual Defendants" and the Individual Defendants and Opus are collectively referred to as "Defendants."

1

Court for the Central District of California pursuant to Rule 23(a) of the Federal Rules of Civil Procedure.

This Settlement is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims as against the Released Parties and result in the complete dismissal of this Action (as those terms are defined below) with prejudice, upon and subject to the terms and conditions herein.

**WHEREAS:**

A.    All terms with initial capitalization not otherwise defined in the text hereof shall have the meanings ascribed to them in paragraph 1 below.

B.    On October 26, 2016, Plaintiff Nancy Schwartz ("Schwartz") filed a class action complaint, 2:16-cv-07991-AB-JPR, in the United States District Court for the Central District of California (the "Court") against Opus, Gordon, and Nicole M. Carrillo.  The Action was filed on behalf of a class comprised of purchasers of Opus common stock between July 28, 2014 and October 17, 2016, inclusive, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.  The case was assigned to the Honorable André Birotte Jr.

C.    On February 23, 2017, the Court appointed APERS as Lead Plaintiff and the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel.

D.    On April 24, 2017, Lead Plaintiff filed an Amended Class Action Complaint ("Amended Complaint") on behalf of a class comprised of purchasers of Opus common stock between January 26, 2015 and January 30, 2017, inclusive, against Opus and Gordon.  The Amended Complaint also named Allison as a Defendant and dropped claims against Nicole M. Carrillo.  The Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Exchange Act.

E.    On June 23, 2017, Defendants moved to dismiss the Amended Complaint.  Lead

Plaintiff filed an opposition to Defendants' motion on August 7, 2017, and Defendants filed a reply in support of their motion on September 6, 2017. Defendants filed a request for judicial notice in support of their motion, Lead Plaintiff filed an opposition to their request, and Defendants filed a reply in support of their request on the same dates, respectively. A hearing on Defendants' motion to dismiss was scheduled for November 17, 2017.

F.      On November 1, 2017, Lead Plaintiff, Defendants, and certain of Defendants' insurance carriers participated in a full-day mediation session with Gregory P. Lindstrom, Esq. of Phillips ADR. At the conclusion of the mediation session, the parties agreed in principle to settle the case for $17 million, subject to the negotiation of this Stipulation and Court approval. This settlement in principle was memorialized in a memorandum of understanding executed by the parties and dated November 3, 2017.

G.      Defendants deny any wrongdoing whatsoever and this Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. Lead Plaintiff and Defendants recognize, however, that the Action has been prosecuted by Lead Plaintiff and Lead Plaintiff's Counsel and defended by Defendants and Defendants' Counsel in good faith and in compliance with Rule 11 of the Federal Rules of Civil Procedure, and that the Action is being voluntarily settled after receiving advice of counsel. Lead Plaintiff has concluded that the Settlement, as embodied herein, is fair, reasonable, and adequate. This Settlement shall not be construed or deemed to be a concession by Lead Plaintiff, or any Class Member, of any infirmity in the claims asserted in this Action.

H.      Lead Counsel has conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Lead Counsel has analyzed the evidence adduced through their investigation and has researched the applicable law with respect to the claims of Lead Plaintiff and other Class Members against Defendants and potential defenses thereto. This

3

Stipulation also provides for certain confirmatory discovery to verify the reasonableness and adequacy of the Settlement.

I.     Based upon their investigation as set forth above, Lead Plaintiff and Lead Counsel have concluded, and will ensure through confirmatory discovery, that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Lead Plaintiff and to the other Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (1) the monetary benefit the Class Members will receive from the Settlement; (2) the attendant risk of litigation; and (3) the desirability of permitting the proposed settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure in consideration of the benefits flowing to Lead Plaintiff and the Class and Defendants and the Released Parties from the Settlement, that all Released Claims as against the Released Parties and all Settled Defendants' Claims, shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.     As used in this Settlement the following terms shall have the meanings specified below:

a.     "Action" means the action pending in this Court under the caption *Schwartz v. Opus Bank*, Case No. 2:16-cv-07991-AB-JPR.

b.     "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, that satisfies all the requirements set forth on the

EXECUTION COPY

Proof of Claim Form in accordance with the requirements established by the Court, and who, subject to Court approval, will receive a payment from the Net Settlement Fund.

  c.  "Claim" means a completed and signed Proof of Claim Form submitted by a Class Member, or on their behalf, to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

  d.  "Claimant" means a person or entity that submits a claim.

  e.  "Claims Administrator" means JND Legal Administration.

  f.  "Class" means all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive.  Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded persons or entities.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

  g.  "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

  h.  "Class Member" means a person or entity that is a member of the Class and is not otherwise excluded from the Class pursuant to its definition.

  i.  "Class Period" means the period from January 26, 2015 and January 30, 2017, both dates inclusive.

  j.  "Defendants" means Opus, Gordon, and Allison.

  k.  "Defendants' Counsel" means the law firm of Katten Muchin Rosenman LLP.

  l.  "Effective Date" means the first date by which all of the following shall have

EXECUTION COPY

occurred: (1) the Court has entered the Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A; (2) the Settlement Amount has been paid into the Escrow Account; (3) the Court has approved all the material terms set forth in this Stipulation and the proposed settlement embodied herein, following the provision of Settlement Notices to the Class and a Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (4) the time to exercise the termination rights provided for in this Stipulation have expired or otherwise been waived; and (5) the Court has entered the Judgment, substantially in the form annexed hereto as Exhibit B, which has become Final.

       m.     "Escrow Account" means one or more accounts to hold the Settlement Fund, which accounts shall be created, controlled and maintained exclusively by Lead Counsel, acting as agent for Lead Plaintiff and the Class, and shall be deemed to be in the custody of the Court and remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

       n.     "Escrow Agent" means Cohen Milstein, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Settlement and any orders entered by the Court, and acting as agent for Lead Plaintiff and the Class.

       o.     "Final" when referring to an order or judgment means: (1) that the time for appeal or appellate review of the order or judgment has expired, and no appeal has been taken; or (2) if there has been an appeal, (i) that the appeal has been decided by all appellate courts and affirmed; or (ii) that the order or judgment has been affirmed on appeal and is no longer subject to appellate review by further appeal or writ of *certiorari*.

       p.     "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider, among other things, final approval of the Settlement.

       q.     "Individual Defendants" means Gordon and Allison.

6

r.      "Judgment" means the proposed order and final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Stipulation and the proposed settlement embodied herein.

s.      "Lead Counsel" means Cohen Milstein.

t.      "Lead Plaintiff's Counsel" means Lead Counsel together with Lead Plaintiff's liaison counsel, Glancy Prongay & Murray LLP.

u.      "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Plaintiff's Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

v.      "Net Settlement Fund" means the Settlement Fund less: (1) any Taxes; (2) any Notice and Administration Costs; and (3) any attorneys' fees and Litigation Expenses awarded by the Court.

w.      "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-1 to Exhibit A, which is to be sent to members of the Class.

x.      "Notice and Administration Costs" means (1) the costs, fees and expenses that are reasonably incurred by the Claims Administrator, as described herein and in the Preliminary Approval Order, in connection with (i) providing Notice to the Class and (ii) administering the claims process; and (2) any Tax Expenses incurred by the Claims Administrator.

y.      "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund prepared by Lead Counsel, in conjunction with Lead Plaintiff's damages consultant, as set forth in the Notice (or any other plan for the allocation of the Net Settlement Fund among Authorized Claimants that Lead Counsel may propose and that the Court may approve).

z.      "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Stipulation and the proposed

settlement embodied therein.

aa.     "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-3 to Exhibit A, that a Class Member must complete should that Class Member seek to share in a distribution of the Net Settlement Fund, subject to entry of a Plan of Allocation and a Class Distribution Order that have both become Final.

bb.     "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that (1) have been asserted in this Action by Lead Plaintiff, the Class Members, or any of them against any of the Released Parties, or (2) could have been asserted in any forum by Lead Plaintiff, the Class Members or any of them against any of the Released Parties which in any way arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition or ownership of Opus common stock during the Class Period and (ii) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in either of the complaints filed in this Action.  Notwithstanding the foregoing, "Released Claims" does not include (1) claims relating to the enforcement of the Settlement or its terms and (2) the claims alleged in *Klein v. Gordon*, No. 8:17-cv-00123-AB-JPR (C.D. Cal.) and *Dillard v. Gordon*, No. BC651522 (Los Angeles Sup. Ct.).

cc.     "Released Party" and "Released Parties" means any and all of the Defendants, each of the Defendants' respective past and present subsidiaries, parents, successors, predecessors, assigns, affiliates, controlled persons, controlling persons, family members and partners, and as to each of the foregoing, their legal representatives, heirs, executors, administrators, trustees, beneficiaries, managers, officers, directors, agents, employees, and attorneys.

8

dd.     "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by any of the Defendants, and all persons and/or entities claiming by, through, or on behalf of them, against Lead Plaintiff, any of the Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Action.  "Settled Defendants' Claims" does not include claims by Defendants or the Released Parties relating to the enforcement of the Settlement or its terms.

ee.     "Settlement Amount" means seventeen million U.S. dollars ($17,000,000).

ff.     "Settlement Fund" means the Settlement Amount plus any and all income and gains earned thereon, less any losses incurred thereon or disbursements therefrom, after it is deposited into the Escrow Account.

gg.     "Settling Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

hh.     "Settlement Notices" means the Notice and Summary Notice.

ii.     "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-2 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

jj.     "Taxes" means any and all taxes, duties and similar charges (including any estimated taxes, withholdings, interest or penalties and interest thereon) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Released Parties and/or each of their respective counsel with respect to (1) any income and gains earned by the Settlement Fund for any

9

period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in ¶ 17 herein) for federal, state or local income tax purposes or (2) any distribution of any portion of the Settlement Fund to Authorized Claimants and other persons entitled hereto pursuant to this Stipulation, excluding any portion of the Settlement Fund returned to Defendants as a result of the termination of this Settlement pursuant to ¶¶ 47-48.

kk.     "Tax Expenses" means any expenses and costs reasonably incurred by the Claims Administrator in connection with determining the amount of, and paying, any Taxes (including, without limitation, reasonable expenses of tax attorneys and/or accountants and/or other advisors and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns).

ll.      "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, Lead Plaintiff and Defendants stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States,  principle of common law, or any other law, rule or regulation that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Class Members' and Defendants' successors and assigns and any persons or entities claiming through or on their behalf shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a material element of this Settlement.

## SETTLEMENT CONSIDERATION

2.      Defendants shall cause the Settlement Amount to be paid into the Escrow Account by Defendants' insurance carriers within ten (10) calendar days following the later of (i) the entry of the Preliminary Approval Order by the Court, or (ii) receipt by Defendants of wire instructions for payment to the Escrow Account.  If the Settlement Amount, or any portion thereof, is not deposited into the Escrow Account by the time specified in this paragraph, Lead Plaintiff reserves the right to either: (i) move to enforce the terms of this Settlement; or (ii) terminate the Settlement.

3.      The Settlement Amount as set forth above in ¶ 2 is inclusive of all Lead Plaintiff's Counsel's attorneys' fees and Litigation Expenses that may be awarded by the Court, and all Notice and Administration Costs and Taxes, and is the total, full and final amount of all payments to be paid on behalf of and for the benefit of the Released Parties, to Lead Plaintiff, Class Members, Lead Plaintiff's Counsel or any other person or entity acting or purporting to act for the benefit of the Class in this Action, in connection with the Stipulation and the proposed settlement embodied herein.

4.      Immediately upon deposit of the Settlement Amount into the Escrow Account, Defendants shall have no further responsibility for the Settlement Fund, including without limitation for any loss of principal or income thereon.

## CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") NOTICE

5.      Defendants shall serve any notice of the Settlement required pursuant to CAFA, 28 U.S.C. § 1715(b), within the time period set forth in said statute and shall, within five (5) business days after service of such CAFA Notice, certify to Lead Counsel in writing that such service has been made.

The Settling Parties agree that they will request, pursuant to 28 U.S.C. § 1715(d), that the Final Approval Hearing be scheduled for no earlier than ninety (90) days following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph. The parties agree that any delay by Defendants in timely serving the CAFA Notice will not provide grounds for delay of the Final Approval Hearing or entry of the Judgment.  Defendants shall be responsible for all costs and expenses related to the creation and service of the CAFA Notice.

## RELEASES

6.      The obligations incurred pursuant to this Settlement shall be in full and final disposition of the Action as against the Defendants, and shall fully and finally release any and all Released Claims as against all Released Parties and shall also release all of the Settled Defendants' Claims.  The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any party, except for the payments as expressly provided for herein.

7.      Pursuant to the Judgment, upon the Effective Date, Lead Plaintiff and each Class Member, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

8.      Pursuant to the Judgment, upon the Effective Date, each of the Defendants, on behalf of

12

themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Settled Defendants' Claim or any matter related thereto.

### USE AND TAX TREATMENT OF THE SETTLEMENT FUND

9.      The Settlement Fund shall be held and invested in the Escrow Account as provided in ¶ 10 hereof.  Upon the Effective Date, any interest earned on the Settlement Fund shall be for the benefit of the Class.  If the Effective Date does not occur and the Settlement is terminated, the Settlement Fund and any interest earned therein shall be returned to Defendants pursuant to the terms of ¶ 48 hereof.

10.     At the written direction of Lead Counsel, the Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Released Parties shall have no responsibility for, interest in, or liability with respect to the investment decisions of the Escrow Agent.  The Settlement Fund shall bear all risk of loss related to the investment of the Settlement Amount pursuant to the terms set forth in this paragraph.

11.     The Escrow Agent shall not disburse the Settlement Fund from the Escrow Account except as provided in this Stipulation.  All Settlement Funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the exclusive jurisdiction of the

Court until such time as the Settlement Funds are either distributed to Authorized Claimants or returned to Defendants pursuant to the terms and conditions of this Settlement.

12.     Subject to the terms and conditions of this Settlement, the Settlement Fund shall be distributed to pay: (i) Taxes; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses, including reimbursement of Lead Plaintiff's expenses, awarded by the Court.  The balance remaining in the Settlement Fund (the Net Settlement Fund) after payment of items (i)-(iii), shall be distributed to Authorized Claimants as provided herein.

13.     Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $150,000 in Notice and Administration Costs actually and reasonably incurred.  Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $150,000 shall require notice to, and agreement from, Defendants, through Defendants' Counsel, which agreement shall not be unreasonably withheld. Subsequent to the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date.  Defendants, Defendants' Counsel, and the Released Parties shall not have any responsibility for, nor any liability with respect to, any Notice and Administration Costs incurred or paid, and shall have no responsibility for, and no liability with respect to, any acts or omissions of the Claims Administrator, Lead Plaintiff's Counsel, the Escrow Agent, or their respective agents, with regard to any Notice and Administration Costs.

14.     All Taxes shall be considered to be a cost of administration of the proposed settlement embodied in this Stipulation and shall be timely paid out of the Settlement Fund.  The Claims Administrator shall be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund, and the Escrow Agent is authorized to permit the Claims Administrator to withdraw from the Settlement Fund, without prior order of the Court or

approval of Defendants, such amounts as are necessary to pay Taxes.

15.     After (i) the Effective Date occurs and (ii) entry by the Court of a Class Distribution Order that has become Final, the Claims Administrator shall, subject to the supervision of Lead Counsel, distribute the Net Settlement Fund to Authorized Claimants in accordance with the terms of such Final Class Distribution Order; provided, however, that any amounts in the Escrow Account necessary for payment of Taxes, attorneys' fees and Litigation Expenses awarded by the Court and/or Notice and Administration Costs shall remain in the Escrow Account for such purpose.  The Escrow Agent is authorized to permit the Claims Administrator to make the foregoing distributions.

16.     If all conditions of the Settlement are satisfied and the Effective Date has occurred, no portion of the Settlement Fund will be returned to Defendants, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 29 and is of such an amount that in the determination of the Claims Administrator, in consultation with Lead Counsel, it is not cost-effective or efficient to redistribute such amount to the Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), as approved by the Court.

17.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended (the "Code") and Treasury Regulation § 1.468B-1.  The Settling Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority inconsistent with such treatment.  The Claims Administrator shall make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Code and treasury regulations in order to maintain its treatment as a Qualified Settlement Fund.  To this end, the Judgment shall provide that the

Settlement Fund is approved by the Court as a Qualified Settlement Fund and the Claims Administrator shall make reasonable efforts to ensure that the Escrow Agent complies with all applicable provisions of the Code and treasury regulations in order to maintain the treatment of the Settlement Fund as a Qualified Settlement Fund.  The Settling Parties agree that the Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § l.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 14 herein.  Upon written request, Opus will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e).   The claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

18.     The taxable year of the Settlement Fund shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j).  The Settlement Fund shall use an accrual method of accounting within the meaning of Section 446(c) of the Code.

19.     All tax returns prepared by the Claims Administrator for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous ¶¶ 17 and 18 and in all events shall reflect that all Taxes on the income and gains earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

20.     Defendants and the Released Parties shall not have any responsibility for, and no

liability with respect to, payment of any Taxes, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Lead Plaintiff's Counsel, the Escrow Agent, or their agents, with regard to Taxes.  Defendants shall notify the Escrow Agent promptly if they receive any notice of any claim for Taxes relating to the Settlement Fund.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement with regard to Taxes.

## CLASS CERTIFICATION

21.     Solely for purposes of this Stipulation and the settlement embodied herein and for no other purposes, the Settling Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Lead Plaintiff as class representative; and (c) appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Following execution of this Settlement, Lead Plaintiff shall apply to the Court for entry of the Preliminary Approval Order, which will preliminarily certify the Action to proceed as a class action solely for purposes of the Stipulation and the proposed settlement embodied herein and for no other purposes.

## PLAN OF ALLOCATION

22.     Subject to entry by the Court of a Class Distribution Order that becomes Final, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with a Plan of Allocation, provided that such Plan of Allocation, after appropriate notice thereof to the Class, has been approved by the Court in an order that has become Final.

23.     The Defendants, the Released Parties, and Defendants' Counsel shall have had no role in the preparation of the Plan of Allocation and shall take no position with respect thereto. Neither Defendants nor the Released Parties shall have any responsibility or liability whatsoever for the Plan of Allocation.

17

24.     The Plan of Allocation is a matter separate and apart from the proposed settlement between the Settling Parties as embodied in this Stipulation.  The Plan of Allocation is not a necessary or material term of this Settlement and it is not a condition of this Settlement that any Plan of Allocation be approved by the Court or that any order approving a Plan of Allocation becomes Final. Any order by the Court or any appellate court with respect to a Plan of Allocation shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring.  None of the Settling Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to a Plan of Allocation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

25.     Lead Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees and Litigation Expenses.  Attorneys' fees and Litigation Expenses are not the subject of any agreement between the Settling Parties other than what is set forth in this Stipulation.

26.     The Released Parties will take no position on Lead Counsel's request for attorneys' fees or Litigation Expenses, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses that the Court may award.

27.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, are not necessary or material terms of this Settlement and are not a condition of this Settlement.  Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from (but not prior to) the Court's consideration of the fairness, reasonableness and adequacy of the proposed settlement embodied herein.  Any order or proceedings relating to Lead Counsel's request for attorneys' fees or Litigation Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring.  None of the Settling Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to Lead Counsel's application for attorneys' fees

18

and Litigation Expenses.

28.     Within three (3) business days after entry by the Court of an order awarding Lead Counsel's attorneys' fees and Litigation Expenses (the "Fee and Expense Order"), any awarded attorneys' fees and Litigation Expenses shall be paid to Lead Counsel from the Escrow Account by the Escrow Agent, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or the Fee and Expense Order.  In the event that the Effective Date does not occur or the Settlement is terminated pursuant to its terms, or if, as the result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Order is reversed or modified pursuant to a Final court order and attorneys' fees and Litigation Expenses have been paid out of the Escrow Account to any extent, then Lead Counsel shall be obligated and does hereby agree, within ten (10) business days after receiving notice of the foregoing from Defendants' Counsel or from a court of appropriate jurisdiction, to refund to the Escrow Account such attorneys' fees and Litigation Expenses that have been paid, plus interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account.

## ADMINISTRATION OF THE SETTLEMENT

29.     The Claims Administrator, subject to the supervision of Lead Counsel and the jurisdiction of the Court, shall administer and calculate the Claims submitted by Claimants, oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to a Plan of Allocation approved by the Court in an Order that has become Final and subject to a Class Distribution Order entered by the Court that has become Final, and perform all claims administration procedures necessary or appropriate in connection therewith.

30.     Other than Opus' obligation to provide its shareholder lists, as provided herein, none of the Released Parties shall have any responsibility for, involvement in, or liability for providing the Settlement Notices to the Class, the administration of the Settlement or the Claims process, the reviewing or challenging of Claims of Claimants, the implementation of the Plan of Allocation as

approved by the Court in a Final order or the distribution of funds from the Net Settlement Fund. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

31.     Within ten (10) days following the entry of the Preliminary Approval Order, Opus shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its shareholder lists maintained by its stock transfer agent during the Class Period, in electronic form or such other form as is reasonably available to Opus.

32.     The Claims Administrator shall mail the Notice to those Class Members who may be identified through the records maintained by or on behalf of Opus, and shall publish the Summary Notice, pursuant to the terms of the Preliminary Approval Order.

33.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's share of the Net Settlement Fund based upon the Plan of Allocation approved by the Court in a Final order.  The Claims Administrator, subject to the supervision of Lead Counsel, shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

34.     Neither Defendants nor any other Released Party shall be permitted to review, contest, or object to or otherwise be responsible or have liability for any Claim or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member, which is exclusively within the judgment of the Claims Administrator and/or Lead Plaintiff.

35.     Any Class Member who does not timely submit a valid Claim by the deadline set by the Court in the Preliminary Approval Order will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of this Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind

against any Released Party concerning any Released Claim.

36.     For purposes of determining the extent, if any, to which a Class Member shall be entitled
to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Member shall be required to submit a Proof of Claim Form,
substantially in the form attached hereto as Exhibit A-3 to Exhibit A, supported by such documents as
are designated therein, including proof of the Claimant's loss, or such other documents or proof as the
Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Proof of Claim Forms must be submitted by the date set by the Court in the
Preliminary Approval Order and specified in the Settlement Notices, unless such deadline is extended
by Order of the Court.  Any Class Member who fails to submit a Proof of Claim Form by such date
shall be forever barred from receiving any distribution from the Net Settlement Fund or payment
pursuant to this Settlement (unless, by Order of the Court, late-filed Claims are accepted), but shall in
all other respects be bound by all of the terms of this Settlement, including the terms of the Judgment
and the releases provided for therein, and will be permanently barred and enjoined from bringing any
action, claim or other proceeding of any kind against any Released Party concerning any Released
Claim.  A Proof of Claim Form shall be deemed to be submitted when posted, if received with a
postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with
the instructions set forth on the Proof of Claim Form;

c.     Each Proof of Claim Form shall be submitted to and reviewed by the Claims
Administrator, under the supervision of  Lead Counsel, who shall determine in accordance with this
Settlement the extent, if any, to which each Claim shall be allowed, subject to review by the Court
pursuant to subparagraph (e) below;

d.     Proof of Claim Forms that do not meet the submission requirements may be
rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate
with the Claimant in writing, by mail, first class postage pre-paid, to give the Claimant the chance to

remedy any curable deficiencies in the Proof of Claim Form submitted within a period of twenty (20) days after such notice has been mailed.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, by mail, first-class postage pre-paid, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below within twenty (20) days following the mailing of such notice by the Claims Administrator;

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within the timeframe stated in the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.      The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

37.     By submitting a Claim, a Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim, including, but not limited to, the releases provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of their Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Proof of Claim Forms.  Defendants shall have no right to take any such discovery.

38.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the later of the Effective Date having occurred; the Court having approved a

Plan of Allocation in an order that has become Final; and the Court issuing a Class Distribution Order
that has become Final.

39.     Lead Counsel will apply to the Court, with reasonable notice to the Defendants, for a
Class Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative
determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving
payment of any outstanding Notice and Administration Costs from the Escrow Account (except to the
extent that Court approval is not required as specified herein); and (iii) if the Effective Date has
occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow
Account in specified increments until, in the determination of the Claims Administrator, in consultation
with Lead Counsel, it is no longer economically feasible to distribute the remaining funds, at which
time any such remaining funds, after payment of any further Notice and Administration Costs and
Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under
United States Internal Revenue Code Section 501(c)(3), as approved by the Court; and (iv) such other
relief as appropriate.

40.     Payment pursuant to the Class Distribution Order shall be final and conclusive against
any and all Class Members.  All Class Members who did not submit a Claim or whose Claim was not
approved by the Court shall be barred from participating in distributions from the Net Settlement Fund,
but shall be bound by all of the terms of this Settlement, including the terms of the Judgment and the
releases provided for therein, and will be permanently barred and enjoined from bringing any action
against any Released Party concerning any Released Claim.

41.     All proceedings with respect to the administration, processing, and determination of
Claims and the determination of all controversies relating thereto, including disputed questions of law
and fact with respect to the validity of Claims, shall be subject to the exclusive jurisdiction of the Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

42.     Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval

Order, any Class Member may appear at the Final Approval Hearing and show cause why the Stipulation, and the proposed settlement embodied herein, should or should not be approved as fair, reasonable and adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

43.     Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Class Member may request to be excluded from the Class.

44.     The Claims Administrator shall scan and electronically send copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than two (2) days) after the Claims Administrator receives such a request.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

45.     Promptly after execution of this Stipulation, Lead Plaintiff, by and through Lead Counsel, with Defendants' consent, shall submit this Stipulation together with the exhibits annexed hereto to the Court and shall move for entry of the Preliminary Approval Order, among other things, preliminarily approving the Stipulation and the settlement embodied herein, approving the contents and method of distribution of the Notice and Summary Notice, approving the contents of the Proof of Claim Form, and setting a date for the Final Approval Hearing.

## JUDGMENT APPROVING THE SETTLEMENT

46.     Lead Plaintiff, by and through Lead Counsel, with Defendants' consent, shall request that the Court, if it approves the settlement embodied in this Stipulation following the Final Approval Hearing, enter the Judgment, substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## TERMINATION RIGHTS

24

47.   Defendants and Lead Plaintiff each shall have the right to terminate the Settlement by providing written notice to the other of their election to do so within thirty (30) days of the date on which any of the following occur: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material term hereof; (c) the Court declines to enter the Judgment in any material respect; (d) the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (e) the Settlement Amount is not paid in accordance with the terms of ¶ 2; or (f) Lead Plaintiff in its sole discretion elects to terminate the Settlement after completion of confirmatory discovery in accordance with the terms of ¶ 50. Notwithstanding the foregoing, any decision by the Court or any appeals court with respect to an application for attorneys' fees or Litigation Expenses or with respect to a Plan of Allocation or a Class Distribution Order, shall not be considered material to this Settlement, shall not preclude the Judgment from being deemed Final and shall not be grounds for termination.  In the event this Settlement is terminated, the provisions of ¶¶ 9, 10, 11, 28, 30, 48 and 49 shall survive such termination.  The termination rights set forth herein are not intended to limit or impair the Settling Parties' rights under the law of contracts of the State of California with respect to any breach of this Settlement.

48.   Except as otherwise provided herein, in the event this Settlement is terminated, this Stipulation, and the settlement embodied herein, shall be without prejudice, and none of its terms shall be effective or enforceable and the fact of the Settlement shall not be admissible in any trial of this Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to November 1, 2017, and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Settlement and any related orders had not been entered, and any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees and Litigation Expenses, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement

Amount and/or for Notice and Administration Costs actually incurred and paid or payable, shall be refunded by Lead Counsel and/or the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants' Counsel to Lead Counsel.

## NO ADMISSION OF WRONGDOING

49.     Whether or not the settlement, as embodied in this Stipulation, is approved by the Court, and whether or not this Settlement is consummated, the fact and terms of this Settlement, including the exhibits annexed hereto, the settlement embodied within it, all negotiations, discussions, drafts and proceedings in connection with this Settlement, and any act performed or document signed in connection therewith:

a.     shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

c.     shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any

other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to this Settlement to effectuate the protection from liability granted them hereunder;

       d.    shall not be construed against the Released Parties, Defendants' Counsel, Lead Plaintiff's Counsel or Lead Plaintiff or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

       e.    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

50.    This Settlement is subject to expedited, efficient, and nonintrusive confirmatory discovery.  Any disputes that may arise during the confirmatory discovery process shall be referred for binding resolution by the mediator, Gregory P. Lindstrom, Esq. of Phillips ADR.  After review of that discovery, but no later than January 31, 2018, Lead Plaintiff will have the right and ability in its sole discretion to declare the Settlement void by providing written notice of that election to counsel for Defendants.

51.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material terms of the Settlement.

52.    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Lead Plaintiff or any other Class Members in the Action against the Released Parties with respect to all Released Claims.  Except in the event of the termination

27

of this Settlement, Lead Plaintiff and Defendants agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis. The Settling Parties agree that the Settlement Amount and the other terms of this Settlement were negotiated at arms' length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

53.     This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their successors-in-interest.

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The waiver by one Settling Party of any breach of this Settlement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement.

56.     This Settlement, and the exhibits annexed hereto, constitutes the entire agreement among the Settling Parties concerning the Settlement, and no representations, warranties or inducements have been made to any Settling Party concerning this Settlement other than the representations, warranties and covenants contained and memorialized in this Settlement.

57.     This Settlement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     The Parties will cooperate in good faith to obtain all necessary approvals of the Court required by this Settlement and to effectuate the terms of this Settlement. Each signatory to this Settlement represents that he or she has authority to sign this Settlement and any Settlement-related documents on behalf of Lead Plaintiff or Defendants, as applicable, and that such signatory has the authority to take appropriate action required or permitted to be taken pursuant to this Settlement to effectuate its terms.

59.     This Settlement shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties hereto, including all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate or reorganize.

60.     The administration, consummation and enforcement of the settlement as embodied in this Stipulation shall be under the authority of the Court and the Settling Parties intend that the Court retain exclusive jurisdiction for the purpose of, *inter alia*, entering orders providing for the award of attorneys' fees and Litigation Expenses, the approval of the Plan of Allocation and the Class Distribution Order and enforcing the terms of this Settlement.

61.     The construction, interpretation, operation, effect and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to the State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

62.     To the extent there are disputes regarding the interpretation of any term of this Settlement, the Settling Parties will attempt to resolve any such dispute in good faith.  If the Settling Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any non-breaching Settling Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be this Court.

63.     This Settlement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arms' length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement.

64.     No opinion or advice concerning the tax consequences of the Settlement to individual Class Members or any of the Settling Parties or any of the Released Parties is being given or will be given by Lead Plaintiff's Counsel and/or Defendants' Counsel; nor is any representation or warranty in

this regard made by virtue of this Settlement.  Class Members will be directed to consult their own tax advisors regarding the tax consequences of the Stipulation, and the settlement embodied herein, and any tax reporting obligations they might have with respect to it.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

65.     All time periods set forth in this Settlement shall be computed in calendar days, unless expressly provided otherwise, and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

66.     Except to the extent explicitly set forth otherwise in this Settlement, if any Settling Party is required to give notice to any other Settling Party under this Settlement, such notice shall be in writing and shall be deemed to have been duly given upon (a) receipt of hand delivery; (b) mailing by means of pre-paid, overnight courier delivery service or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by United States Mail, first-class postage pre-paid or pre-paid, overnight courier delivery service.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW<br>East Tower, Suite 500<br>Washington, DC 20005-3964<br>Attn:  Steven J. Toll<br>          Daniel S. Sommers<br>          S. Douglas Bunch<br>stoll@cohenmilstein.com<br>dsommers@cohenmilstein.com<br>dbunch@cohenmilstein.com |
| If to Defendants or Defendants' Counsel: | Katten Muchin Rosenman LLP<br>2900 K St. NW<br>North Tower, Suite 200<br>Washington, DC 20007-5118<br>Attn: Eric A. Kuwana<br>eric.kuwana@kattenlaw.com |

EXECUTION COPY

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Settlement to be
executed by their duly authorized attorneys as of the date first written above.

COHEN MILSTEIN SELLERS &
   TOLL PLLC
Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
Elizabeth Aniskevich
1100 New York Ave. NW
East Tower, Suite 500
Washington, DC 20005-3964
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Lead Counsel for Lead Plaintiff Arkansas
Public Employees Retirement System*

KATTEN MUCHIN ROSENMAN LLP
Eric A. Kuwana
2900 K. St. NW
North Tower, Suite 200
Washington, DC 20007-5118
Tel.: (202) 625-3500
Fax: (202) 298-7570

*Lead Counsel for Defendants Opus Bank,
Stephen H. Gordon, and Michael L.
Allison*

31

EXECUTION COPY

EXHIBIT A

**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Telephone: (310) 201-9150
Facsimile: (301) 432-1495
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
lportnoy@glancylaw.com
*Liaison Counsel for Lead Plaintiff and the Class*
[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON,<br><br>Defendants. | Civil No. 2:16-cv-07991-AB-JPR<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

WHEREAS, Lead Plaintiff Arkansas Public Employees Retirement Fund ("Lead Plaintiff" or "APERS") on behalf of itself and each of the Class Members, and Opus Bank ("Opus"), Stephen H. Gordon ("Gordon") and Michael L. Allison ("Allison") (Opus, Gordon, and Allison are collectively referred to as "Defendants"), by and through their respective counsel, have entered into a settlement of the claims asserted against Defendants in the above-captioned putative class action (the "Action"),

1

EXECUTION COPY

the terms of which are set forth in a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement"), dated as of December 22, 2017; and

WHEREAS, Lead Plaintiff has moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order, among other things, preliminarily approving the Settlement, certifying a Class solely for the purposes of Settlement, and providing for notice to potential members of the Class; and

WHEREAS, the Court has read and considered the Stipulation and the exhibits thereto, including the proposed Notice of Pendency of Class Action and Proposed Settlement (the "Notice"); the Summary Notice of Pendency of Class Action and Proposed Settlement (the "Summary Notice"); the Proof of Claim Form, and the [Proposed] Order and Final Judgment, and found that substantial and sufficient grounds exist for entering this Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court, for purposes of this Preliminary Approval Order, hereby adopts and incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as ascribed to them in the Stipulation. As in the Stipulation, unless otherwise explicitly specified herein, all time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

2.      The Court preliminarily approves the Stipulation and the proposed settlement embodied therein, including all provisions therein and exhibits attached thereto, as fair, reasonable, and adequate to the Class, subject to further consideration at the Final Approval Hearing.

3.      The Court hereby preliminarily certifies the following class for purposes of settlement

2

only (the "Class") pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive.  Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded persons or entities.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4.      With respect to the Class, the Court preliminarily finds, for purposes of settlement only, that the prerequisites for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (1) the number of Class Members is so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the Class Members; (3) Lead Plaintiff's claims are typical of the Class's claims; (4) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; (5) the questions of law and fact common to Class Members predominate over any individual questions; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Lead Plaintiff is preliminarily appointed as class representative for the Class and Cohen Milstein Sellers & Toll PLLC, previously appointed Lead Counsel, is preliminarily appointed counsel for the Class.

6.     The Court approves the form, substance, and requirements of the Notice, (annexed hereto as Exhibit A-1), Summary Notice (annexed hereto as Exhibit A-2) (Exhibits A-1 and A-2 are collectively referred to as the "Settlement Notices"); and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing, and distribution of the Settlement Notices and Proof of Claim Form substantially in the manner and form set forth in ¶ 7 of this Preliminary Approval Order are in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the due process clause); and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

7.     The Court approves the appointment of JND Legal Administration as the Claims Administrator who, under the supervision of Lead Counsel and subject to the jurisdiction of the Court, shall supervise and administer the notice procedure, as well as the processing of Claims, as more fully set forth below:

a.     No later than twenty-one (21) days after entry of the Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form, substantially in the form annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage pre-paid, to all members of the Class at the address of each such person as set forth in the records of Opus' stock transfer agent, or who otherwise can be identified through reasonable effort.  For the purpose of providing notice to the Class, Opus shall, within ten (10) days following the entry of this Preliminary Approval Order, provide or cause to be provided to the Claims

4

Administrator (at no cost to the Settlement Fund, Lead Plaintiff's Counsel or the Claims Administrator) its shareholder lists as maintained by its stock transfer agent during the Class Period, in electronic form or such other form as is reasonably available to Opus;

      b.    The Summary Notice, substantially in the form annexed hereto as Exhibit A-2, shall be published once in *Investor's Business Daily* and on *PR Newswire* no later than fourteen (14) days after the Notice Date; and

      c.    The Stipulation, the Notice, and the Proof of Claim Form shall also be placed on a website (the "Settlement Website") dedicated to the administration of the Settlement on or before the Notice Date.

      8.    The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Opus common stock during the Class Period as record owners but not as beneficial owners.  Nominees who purchased Opus common stock for beneficial owners who are Class Members are directed to: (1) request within fourteen (14) days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for delivery to such beneficial owners; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice.  If a nominee elects to send the Notice and Proof of Claim Form to beneficial owners, such nominee is directed to mail the Notice and Proof of Claim Form within fourteen (14) days of receipt of the additional copies of the Notice and Proof of Claim Form from the Claims Administrator. Upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Preliminary

EXECUTION COPY

Approval Order, including the timely mailing of the Notice and Proof of Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim Form, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be deemed Notice and Administration Costs and paid from the Settlement Fund consistent with the terms of the Settlement.

9.     No later than thirty-five (35) days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and Proof of Claim Form, the publication of the Summary Notice, and the creation of the Settlement Website and posting of relevant documents thereto shall have been made, showing that such mailing, publication, website creation, and postings have been made in accordance with this Preliminary Approval Order.

## HEARING: RIGHT TO BE HEARD

10.     The Court will hold a Final Approval Hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on _____, 2018 at _____ _.m., before the Honorable André Birotte Jr., in the United States District Court for the Central District of California, United States Courthouse, 350 West First Street, Los Angeles, California  90012, Courtroom 7B, for the following purposes: (1) to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court; (2) to determine whether the Judgment, substantially in the form

6

attached as Exhibit B to the Settlement, should be entered; (3) to determine, for purposes of settlement, whether the Class should be finally certified; whether Lead Plaintiff should be finally appointed as representative for the Class; and whether Lead Counsel should be finally appointed as counsel for the Class; (4) to determine whether the Plan of Allocation is reasonable and should be approved; (5) to determine whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses incurred by Lead Plaintiff's Counsel should be granted; and (6) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

11.    Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than thirty-five (35) days prior to the Final Approval Hearing, and any papers in further support thereof shall be filed no later than seven (7) days before the Final Approval Hearing.  If an objection is filed pursuant to ¶ 12 below, any reply papers shall be filed no later than seven (7) days before the Final Approval Hearing.

12.    Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed settlement as embodied in the Stipulation should or should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member (1) has served written objections, by hand, first-class

7

mail postage pre-paid or electronic mail, upon the following counsel for receipt no later than twenty-one (21) days prior to the Final Approval Hearing:

| | |
|---|---|
| Counsel for Lead Plaintiff: | Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW<br>East Tower, Suite 500<br>Washington, DC 20005-3964<br>Attn:  Steven J. Toll<br>        Daniel S. Sommers<br>        S. Douglas Bunch<br>stoll@cohenmilstein.com |
| Counsel for Defendants: | Katten Muchin Rosenman LLP<br>2900 K St. NW<br>North Tower, Suite 200<br>Washington, DC 20007-5118<br>Attn: Eric A. Kuwana<br>eric.kuwana@kattenlaw.com |

and (2) filed said written objections with the Clerk of the United States District Court for the Central District of California no later than twenty-one (21) days prior to the Final Approval Hearing.  Any such written objection served and filed as set forth above must include: (a) the full name, address, and telephone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions in Opus common stock during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons, if any, who will be called to testify in support of the objection, the subject of their expected testimony and the basis therefor; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) the objector's signature, even if represented by counsel.  If the objector intends

8

EXECUTION COPY

to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Unless the Court orders otherwise, no member of the Class shall be entitled to object, or otherwise be heard, except by serving and filing written objections as described above.  Any person or entity who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement and by all settlement-related proceedings, orders and judgments in the Action, including the Judgment, if the Settlement is approved by the Court.  By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims as against the Released Parties provided for in the Settlement and the Judgment).

13.     Any Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing. If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel so that the notice is received twenty-one (21) days prior to the Final Approval Hearing.

14.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.  If the Settlement is approved, all Class Members will be bound by the Settlement, and by any judgment or determination of

9

EXECUTION COPY

the Court affecting Class Members, including the Judgment and the releases contained therein, regardless of whether or not a Class Member submits a Proof of Claim Form.

15.   Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

16.   The Court expressly reserves the right to do the following without further notice to members of the Class: (1) reschedule the Final Approval Hearing; (2) approve the Settlement with modification(s) approved by the Settling Parties; (3) modify the Plan of Allocation; and (4) award such attorneys' fees and reimbursement of Litigation Expenses as the Court finds fair and reasonable.  Lead Counsel shall cause any new date for the Final Approval Hearing to be posted on the Settlement Website. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the Settlement; to allow, disallow, or adjust on equitable grounds the Claims of any member of the Class and issue, as appropriate, a Class Distribution Order; and resolve any other issue arising out of or otherwise relating to the Settlement that is otherwise warranted.

## CLAIMS PROCESS

17.   In order to be entitled to participate in the distribution(s) from the Net Settlement Fund, a Class Member must complete and timely submit a Proof of Claim Form in accordance with the instructions contained therein.  To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred twenty (120) days from the date of the entry of this Order.

18.   The Claims Administrator, subject to the supervision of Lead Counsel and the Court, will make administrative determinations concerning the acceptance and rejection of the Proof of

10

Claim Forms submitted by Claimants pursuant to the procedures set forth in the Settlement. By submitting a Proof of Claim Form, a Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim submitted, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of their claim.

19.     Any Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Net Settlement Fund, but nonetheless will be bound by all of the terms of the Settlement, including the releases provided for therein and in the Judgment, and shall be barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the Class Members.

## REQUEST FOR EXCLUSION FROM THE CLASS

20.     A putative Class Member wishing to make a request for exclusion must submit such a request in written form in the manner and to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Class Members wishing to be excluded from the Class must, in their written request, provide their (1) name, (2) address, (3) telephone number, (4) number of shares of Opus common stock purchased or sold, (5) prices or other consideration paid or received for such shares(s), (6) the date of each purchase or sale transaction, and (7) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must also be signed by the person or entity requesting exclusion. All putative Class Members who submit valid and timely requests for exclusion in the manner set forth in this

11

paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or Judgment.

21.     Any member of the Class who does not request exclusion from the Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to, the release of the Released Claims as against the Released Parties provided for in the Settlement and the Judgment, if the Court approves the Settlement.

## ADDITIONAL SETTLEMENT CONDITIONS

22.     The Released Parties shall have no responsibility or liability whatsoever with respect to Taxes, Notice and Administration Costs, or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, which shall all be paid from the Settlement Fund, subject to Court approval to the extent set forth herein or in the Settlement.  Furthermore, the Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Class Distribution Order.  The Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, and any Class Distribution Order will be considered separately from the fairness, reasonableness, and adequacy of the settlement embodied in the Stipulation.  At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Plaintiff's Counsel, and whether a Class Distribution Order should be entered. Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses or solely to a Class Distribution

12

Order (or any of them), or any reversal or modification thereof, shall not operate to terminate the Settlement, or preclude the Judgment, if entered by the Court, from becoming Final or the Effective Date of the Settlement from occurring.

23.     Only Class Members, the Claims Administrator and Lead Plaintiff's Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement.

24.     All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the exclusive jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement or returned to Defendants pursuant to the terms of the Stipulation and/or further order of the Court.

25.     As set forth in the Stipulation, prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $150,000 in Notice and Administration Costs actually and reasonably incurred.  Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $150,000 shall require notice to and agreement from Defendants, through Defendants' Counsel, which agreement shall not be unreasonably withheld.  Subsequent to the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date.  In the event the Effective Date does not occur or the Settlement is otherwise terminated pursuant to its terms, neither Lead Plaintiff, nor Lead Plaintiff's Counsel, nor the Escrow Agent shall have any obligation to repay any such Notice and Administration Costs actually and properly incurred or paid.

26.     The Claims Administrator and its agents are authorized and directed to cause to be

EXECUTION COPY

prepared any tax returns to be filed for the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund without further Order of the Court, but subject to the supervision of Lead Counsel, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Settlement without further order of the Court.

27.     The fact and terms of this Preliminary Approval Order and the Settlement, including the exhibits annexed thereto, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

c.     shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any

14

EXECUTION COPY

of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to this Settlement to effectuate the protection from liability granted them hereunder;

       d.     shall not be construed against the Released Parties, Defendants' Counsel, Lead Plaintiff's Counsel, or Lead Plaintiff or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

       e.     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

28.    There shall be no distribution of any of the Net Settlement Fund to any Class Member prior to the Effective Date occurring nor until the Court approves, after appropriate notice to the Class, a Plan of Allocation in an order that has become Final and the Court enters a Class Distribution Order that has become Final.

29.    Upon the entry of this Preliminary Approval Order, pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts any Released Claim against any Released Party.

30.    In the event that the Effective Date fails to occur or the Settlement is otherwise terminated pursuant to its terms, this Preliminary Approval Order shall be null and void, and without

15

EXECUTION COPY

prejudice, and none of its terms, except for ¶¶ 25-29, shall be effective or enforceable and the facts of the Settlement shall not be admissible in any trial of this Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to November 1, 2017, and except as otherwise expressly provided herein or in the Settlement, the parties shall proceed in all respects as if the Settlement and any related orders had not been entered, and any portion of the Settlement Amount paid into the Escrow Account, together with any interest earned or gains thereon, less any amounts for Taxes paid or owing with respect to such interest income and/or gains and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants to Lead Counsel, all as specified in ¶ 48 of the Settlement.

31.    The Court preliminarily finds that the Escrow Account is a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-1.


IT IS SO ORDERED.


DATED: _____          _____
                                       THE HONORABLE ANDRÉ BIROTTE JR.
                                       UNITED STATES DISTRICT JUDGE

16

EXECUTION COPY

**EXHIBIT A-1**

**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Telephone: (310) 201-9150
Facsimile: (301) 432-1495
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
lportnoy@glancylaw.com
*Liaison Counsel for Lead Plaintiff and the Class*
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON,<br><br>Defendants. | Civil No. 2:16-cv-07991-AB-JPR<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT** |

**IF YOU PURCHASED SHARES OF OPUS BANK COMMON STOCK BETWEEN JANUARY 26, 2015 AND JANUARY 30, 2017, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A PROPOSED CLASS ACTION SETTLEMENT**

1

EXECUTION COPY

This Notice explains important rights you have, including your possible receipt of cash from a proposed Settlement.  **Your legal rights will be affected whether or not you act.**  A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.[1]

### PLEASE READ THIS NOTICE CAREFULLY!

1.      **Securities and Class Period**: Opus Bank ("Opus") common stock purchased between January 26, 2015 and January 30, 2017, both dates inclusive (the "Class Period").

2.      **Description of the Action and the Class**: The proposed Settlement resolves class action litigation over whether Opus and certain of its current and former executives allegedly made or were otherwise liable for several allegedly material misrepresentations and omissions contained in Opus' public statements made during the Class Period.  Arkansas Public Employees Retirement System ("APERS"), previously designated by the Court as "Lead Plaintiff" in the Action, has been preliminarily appointed by the Court to represent all Class Members as the "Class Representative" for the case.  Lead Plaintiff's counsel, Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), previously appointed by the Court to serve as "Lead Counsel," has been preliminarily appointed by the Court to serve as counsel for the Class.  The Court has preliminarily certified that "Class" to consist of:

> all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive.  Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded persons or entities.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

3.      **Statement of the Class's Recovery**: Subject to Court approval, and as described more fully in ¶¶ 19-21 below, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle all Released Claims against Defendants and the Released Parties in exchange for a settlement payment of $17,000,000 in cash (the "Settlement Amount") to be deposited in an interest-bearing Escrow Account (the "Settlement Fund") and certain other terms.  The Settlement Fund less all Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses that may be awarded by the Court to

---

[1]      This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of December 22, 2017 (the "Stipulation" or "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.  A copy of the Stipulation can be obtained at www.opusbanksecuritieslitigation.com.

2

EXECUTION COPY

Lead Plaintiff's Counsel and Lead Plaintiff (the "Net Settlement Fund") will be distributed to members of the Class in accordance with the plan of allocation (the "Plan of Allocation") that is subject to approval by the Court. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

4. __Statement of Estimated Average Amount of Recovery__: Your recovery will depend on the number of shares of Opus common stock that you purchased during the Class Period, the price(s) at which those shares were purchased, the timing of your purchases, and any sales. Depending on the number of eligible shares of common stock that participate in the Settlement and when and at what price that common stock was purchased and sold, the estimated average recovery per share of Opus common stock will be approximately $0.85 before deduction from the Settlement Fund of Court-approved fees and expenses, including Notice and Administration Costs, and any other awards or payments.

5. __Statement of the Parties' Position on Damages__: Defendants deny all claims of wrongdoing and deny that they are liable to Lead Plaintiff and/or the Class or that Lead Plaintiff or other members of the Class suffered any injury. Moreover, the parties do not agree on the amount of damages that might be recoverable if liability could be proven. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, or misleading for all the reasons alleged by Lead Plaintiff; (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) whether all or part of the damages allegedly suffered by Lead Plaintiff or members of the Class were caused by the alleged misstatements or omissions.

6. __Statement of Attorneys' Fees and Expenses Sought__: Lead Counsel has litigated this case on a contingent basis. They have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund. This is customary in this type of litigation. Prior to final distribution of the Net Settlement Fund, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund (or $4,250,000), plus interest earned at the same rate for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution of this Action in an amount not to exceed $100,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per share of common stock is $0.22.

7. __Identification of Attorneys' Representatives__: Lead Plaintiff and the Class are being represented by Cohen Milstein Sellers & Toll PLLC. Any questions regarding the Settlement should be directed to Steven J. Toll, Esq., 1100 New York Ave. N.W., Suite 500, East Tower, Washington D.C. 20005, (202) 408-4600, stoll@cohenmilstein.com.

3

EXECUTION COPY

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND FILE A PROOF OF CLAIM FORM.** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____, 2018. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you exclude yourself from the Class, you will receive no payment pursuant to this Settlement.  You may be able to seek recovery against the Defendants or other Released Parties through other litigation at your own expense. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Write to the Court and explain why you do not like the Settlement, the requested Judgment to approve the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON _____, 2018 AT ___ _.M, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN ____, 2018.** | You may attend the hearing to speak in Court about the fairness of the Settlement; the requested Judgment to approve the Settlement; the proposed Plan of Allocation; or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.  You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **DO NOTHING.** | Receive no payment, remain a Class Member, give up your rights to seek recovery against the Defendants and other Released Parties through other litigation and be bound by the Judgment entered by the Court if it approves the Settlement, including the release of the Released Claims. |

4

---

**WHAT THIS NOTICE CONTAINS**

---

| | |
|---|---|
| Why did I get this Notice? | Page 5 |
| What is this case about? What has happened so far? | Page 7 |
| What are the Lead Plaintiff's reasons for the Settlement? | Page 8 |
| What might happen if there was no Settlement? | Page 9 |
| How do I know if I am affected by the Settlement? | Page 9 |
| How much will my payment be? When will I receive it? | Page 10 |
| What rights am I giving up by agreeing to the Settlement? | Page 19 |
| What payment are the attorneys for the Class seeking? How will the lawyers be paid? | Page 21 |
| How do I participate in the Settlement? What do I need to do? | Page 21 |
| What if I do not want to be part of the Settlement? How do I exclude myself? | Page 22 |
| When and where will the Court decide whether to approve the Settlement? | Page 23 |
| Do I have to come to the hearing? May I speak at the hearing if I do not like the Settlement? | Page 23 |
| What if I bought shares on someone else's behalf? | Page 25 |
| Can I see the court file? Who should I contact if I have questions? | Page 26 |

---

**WHY DID I GET THIS NOTICE?**

---

8.      This Notice is being sent to you pursuant to an order of the United States District Court for the Central District of California (the "Court") because you or someone in your family may have purchased Opus common stock as described above.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

9.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court's resolution of all issues, whether or not favorable, is binding on the class, except

5

EXECUTION COPY

for any persons who choose to exclude themselves from the class (for more information on excluding yourself from the Class, please read "What if I do not want to be a part of the Settlement? How do I exclude myself?" located below).  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors who purchased Opus common stock during the Class Period.

10.    The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *Schwartz v. Opus Bank*, Case No. 2:16-cv-07991-AB-JPR (the "Action").  The Judge presiding over this case is the Honorable André Birotte Jr.  The person who is suing is called the plaintiff, and those who are being sued are called defendants.  In this case, the Lead Plaintiff is Arkansas Public Employees Retirement System, and the Defendants consist of Opus and two of its current and former executives, Stephen H. Gordon ("Gordon") and Michael L. Allison ("Allison").[2]  The proposed Settlement is with all the foregoing Defendants, for the benefit of themselves and the Released Parties.

11.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case; that it is a proposed class action; how you might be affected; how to object, if you wish, to the proposed Settlement and/or the other matters to be considered by the Court at the Final Approval Hearing (identified below); and how to exclude yourself from the proposed Settlement and the Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and the other matters identified below (the "Final Approval Hearing").

12.    The Final Approval Hearing will be held on _____, 2018 at _:_ _.m. before the Honorable André Birotte Jr. at the United States District Court for the Central District of California, United States Courthouse, 350 West First St., Los Angeles, CA 90012, Courtroom 7B to determine:

      i.    whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court;

     ii.    whether a judgment should be entered, as proposed in the Stipulation, which, among other things, would dismiss the Action against Defendants with prejudice and release, on behalf of the Class, the Released Claims against the Released Parties (the "Judgment");

---

[2] The initial complaint in this Action asserted claims against Opus, Gordon, and another of Opus' executives, Nicole M. Carrillo.  The Lead Plaintiff later named Allison as a Defendant and dropped claims against Nicole M. Carrillo.

6

     iii.     whether, for purposes of the Settlement, the Class should be finally certified; whether Lead Plaintiff should be finally appointed as Class Representative for the Class; and whether Lead Counsel should be finally appointed as Class Counsel for the Class;

     iv.     whether the proposed Plan of Allocation is reasonable and should be approved by the Court; and

     v.     whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  Any distribution will not be paid until after the completion of all claims processing.  Please be patient.

---

### WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

---

14.    On October 26, 2016, Plaintiff Nancy Schwartz filed a class action complaint in the United States District Court for the Central District of California against Opus, Gordon, and Nicole M. Carrillo.  The Action was filed on behalf of a class comprised of purchasers of Opus common stock between July 28, 2014 and October 17, 2016, inclusive, asserting, among other claims, claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  The case was assigned to the Honorable André Birotte Jr.

15.    On February 23, 2017, the Court appointed APERS as Lead Plaintiff and the law firm Cohen Milstein as Lead Counsel.

16.    On April 24, 2017, Lead Plaintiff filed an Amended Class Action Complaint ("Amended Complaint") on behalf of a class comprised of purchasers of Opus common stock between January 26, 2015 and January 30, 2017, inclusive, against Opus and Gordon.  The Amended Complaint also named Allison as a Defendant and dropped claims against Nicole M. Carrillo.  The Amended Complaint asserts, among other things, that Defendants misled investors in violation of Sections 10(b) and 20(a) of the Exchange Act.  Specifically, the Amended Complaint asserts that Defendants knowingly or recklessly represented to investors (1) that Opus had a disciplined and conservative approach to the extension of credit, stringent underwriting standards, and robust credit controls in place; and (2) that Opus had appropriate personnel, resources, systems, and procedures in place to monitor and report to the investing public the true status of its loan portfolio and, in particular, to establish proper loss reserves for its loan portfolio including loans made by Opus' Commercial Bank division.  The Amended Complaint asserts that these representations were false and misleading at the time they were made.

7

EXECUTION COPY

17.     On June 23, 2017, Defendants moved to dismiss the Amended Complaint. Lead Plaintiff filed an opposition to Defendants' motion on August 7, 2017, and Defendants filed a reply in support of their motion on September 6, 2017. Defendants filed a request for judicial notice in support of their motion, Lead Plaintiff filed an opposition to their request, and Defendants filed a reply in support of their request on the same dates, respectively. A hearing on Defendants' motion to dismiss was scheduled for November 17, 2017.

18.     On November 1, 2017, Lead Plaintiff, Defendants, and certain of Defendants' insurance carriers participated in a full-day mediation session with Gregory P. Lindstrom, Esq. of Phillips ADR. At the conclusion of the mediation session, the parties agreed in principle to settle the case for $17 million, subject to the negotiation of the Stipulation and Court approval. This settlement in principle was memorialized in a memorandum of understanding executed by the parties and dated November 3, 2017.

---

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

---

19.     Lead Plaintiff and Lead Counsel believe that the claims asserted against the Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, that there are significant risks with respect to proving liability and damages in addition to the expense and length of continued proceedings necessary to pursue their claims against the Defendants through continued discovery, trial and appeals. Lead Plaintiff and Lead Counsel have, accordingly, considered the uncertain outcome of a Court ruling on Defendants' motion to dismiss the Amended Complaint, trial and any appeals following a trial in complex lawsuits like this one.

20.     In light of the risks of continued litigation, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely payment on behalf of Defendants and the Released Parties (as described below) of $17,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

21.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action and affirm that they acted properly and lawfully at all times. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any and all of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants have, however, taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. Defendants have concluded that further conduct of

8

the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

---

### WHAT MIGHT HAPPEN IF THERE WAS NO SETTLEMENT?

---

22.    If there was no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor members of the Class would recover anything from Defendants.  Also, if Defendants' motion to dismiss the Amended Complaint was successful or Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

---

23.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of: all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive.  Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded persons or entities.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

24.    RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.

9

EXECUTION COPY

---

| **HOW MUCH WILL MY PAYMENT BE? WHEN WILL I RECEIVE IT?** |
| --- |

## I.        PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

25.        The Settlement Amount shall be deposited into the Escrow Account by Defendants' insurance carriers within ten (10) calendar days following the later of (i) the entry of the Preliminary Approval Order by the Court, or (ii) receipt by Defendants of wire instructions for payment to the Escrow Account.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

26.        The Net Settlement Fund (which equals the Settlement Fund of $17,000,000 less all Taxes, Notice and Administration Costs, and Lead Plaintiff's Counsel's attorneys' fees and Litigation Expenses to the extent approved by the Court) shall be distributed based on the acceptable Proof of Claim Forms submitted by members of the Class.  The Net Settlement Fund will be distributed to those Class Members who timely submit acceptable Proof of Claim Forms ("Authorized Claimants") under the Plan of Allocation described below, or as otherwise ordered by the Court.

27.        Your share of the Net Settlement Fund will depend on the number of shares that Authorized Claimants submit to the Claims Administrator, relative to the Net Settlement Fund; how many shares you purchased and when you purchased them; whether you held or sold those shares; the date on which you sold those shares; and the price at which you sold them, among other factors.  At this time, it is not possible to determine how much individual Class Members who are determined to be Authorized Claimants may receive from the Settlement.

28.        A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Class will be made.

29.        For each Authorized Claimant, a "Recognized Loss" will be calculated.  The calculation of a "Recognized Loss," as described in ¶ 34 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial.  Nor is the calculation of a Recognized Loss pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which depends on the total Recognized Losses of all Authorized Claimants.  The Recognized Loss formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants.  That computation is only a method to weigh Class Members' claims against one another.  Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her, or its Claim.

## II.        PROPOSED PLAN OF ALLOCATION: EXPLANATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

10

30.    The Plan of Allocation has been prepared by Lead Counsel with the assistance of Lead
Plaintiff's damages consultant.   It reflects the allegations in the Complaint that Defendants made
materially untrue and misleading statements and omissions in violation of Sections 10(b) and 20(a) of
the Exchange Act and Lead Plaintiff's contention that it and the Class suffered damages when the truth
concerning Defendants' allegedly misleading statements was revealed.   The objective of the Plan of
Allocation is to equitably distribute the Net Settlement Fund to Class Members who suffered economic
losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by
market or industry factors or factors unrelated to the alleged violations of law.   As set forth in the Plan
of Allocation, Lead Plaintiff contends that on October 17, October 19, and October 24, 2016 and on
January 30, 2017, Defendants disclosed information that allegedly corrected previous alleged
misrepresentations and omissions, causing a drop in Opus' stock price (net of factors unrelated to the
alleged misrepresentations and omissions).   An Authorized Claimant's Recognized Loss will be based
upon the particular disclosure date(s) on which the Class Member held Opus stock for those shares
purchased during the Class Period.   The Recognized Loss formula is not intended to be an estimate of
the amount that will be paid to Authorized Claimants pursuant to the Settlement.   The Recognized Loss
formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to the
Authorized Claimants.

31.    Based on the foregoing, and for purposes of this Settlement only, the "Recognized Loss"
for any share of Opus common stock purchased[3] during the Class Period will be calculated as set forth
below.

## III.    PROPOSED PLAN OF ALLOCATION: CALCULATION DETAILS

32.    The Plan of Allocation was developed based on an event study analysis to estimate the
amount of artificial inflation embedded in the price of Opus common stock each day during the Class
Period.   This analysis measured what portion of the stock price declines following the October 17,
October 19, and October 24, 2016 and January 30, 2017 disclosures was attributable to the alleged
fraud.   It indicated that $6.42 of the decline following the October 17, 2016 disclosure; $1.80 of the
decline following the October 19, 2016 disclosure; $0.85 of the decline following the October 24, 2016
disclosure; and $6.72 of the decline following the January 30, 2017 disclosure are attributable to the
alleged fraud, *i.e.*, constitute the artificial inflation.   The total, or cumulative, artificial inflation is the
sum of these amounts, or $15.79.

33.    The Private Securities Litigation Reform Act ("PSLRA") sets a cap on damages in
private securities class actions.   *See* 15 U.S.C. § 78u-4(e).   This cap limits damages to the difference
between a plaintiff's purchase price and the mean trading price in the 90 days following the last
corrective disclosure, or, if a sale takes place within those 90 days, the mean trading price up to the date

---

[3] All transactions are to be calculated at trade prices exclusive of commissions or fees.

11

of sale.  Here, the mean trading price in the 90 days following the last corrective disclosure was $20.64.[4]  The mean trading price for dates of sale within those 90 days is set forth in Table B below.

34.    **Calculation of Recognized Losses** (*see* Table A for Maximum Recoverable Amounts per share of common stock): An Authorized Claimant's total "Recognized Loss" for Opus common stock is:

    i.    For each share of Opus common stock purchased or otherwise acquired during the period from January 26, 2015 to October 14, 2016, inclusive, and:

        a.    sold prior to October 17, 2016, the Recognized Loss will be zero.[5]

        b.    retained beyond October 14, 2016, and sold before October 19, 2016, the Recognized Loss will be equal to the lesser of:

            a.    $6.42 per share; or

            b.    the excess (if any) of the purchase price per share over the sale price.

        c.    retained beyond October 14, 2016, and sold before October 24, 2016, the Recognized Loss will be equal to the lesser of:

            a.    $8.22 per share; or

            b.    the excess (if any) of the purchase price per share over the sale price.

        d.    retained beyond October 14, 2016, and sold before January 30, 2017, the Recognized Loss will be equal to the lesser of:

            a.    $9.07 per share; or

            b.    the excess (if any) of the purchase price per share over the sale price.

        e.    retained beyond October 14, 2016, and sold prior to or on May 1, 2017, the Recognized Loss will be equal to the lesser of:

            a.    $15.79 per share; or

            b.    the excess (if any) of the purchase price per share over the price per share listed in Table B, below.

        f.    retained beyond October 14, 2016, and retained beyond May 1, 2017, the Recognized Loss will be equal to the lesser of:

---

[4] April 29, 2017 is the 90th calendar day including the final corrective disclosure on January 30, 2017. Because April 29, 2017 is not a trading day, May 1, 2017 is included in the 90-day rolling average. Between January 30, 2017 and May 1, 2017 there are 64 trading days.  The 90-day average closing stock price between January 30, 2017 and May 1, 2017 is $20.64.

[5] A purchase or sale of shares of Opus common stock shall be deemed to have occurred on the "contract" or "trade" dated as opposed to the "settlement" or "payment" date.

EXECUTION COPY

    a.   $15.79 per share; or

    b.   the excess (if any) of the purchase price per share over the PSLRA 90-day look back price of $20.64.[6]

ii.    For each share of Opus common stock purchased or otherwise acquired during the period from October 17, 2016 to October 18, 2016, inclusive, and:

    a.   sold prior to October 19, 2016, the Recognized Loss will be zero.

    b.   retained beyond October 18, 2016, and sold before October 24, 2016, the Recognized Loss will be equal to the lesser of:

        a.   $1.80 per share; or

        b.   the excess (if any) of the purchase price per share over the sale price.

    c.   retained beyond October 18, 2016, and sold before January 30, 2017, the Recognized Loss will be equal to the lesser of:

        a.   $2.65 per share; or

        b.   the excess (if any) of the purchase price per share over the sale price.

    d.   retained beyond October 18, 2016, and sold prior to or on May 1, 2017, the Recognized Loss will be equal to the lesser of:

        a.   $9.38 per share; or

        b.   the excess (if any) of the purchase price per share over the price per share listed in Table B, below.

    e.   retained beyond October 18, 2016, and retained beyond May 1, 2017, the Recognized Loss will be equal to the lesser of:

        a.   $9.38 per share; or

        b.   the excess (if any) of the purchase price per share over the PSLRA 90-day look back price of $20.64.

iii.    For each share of Opus common stock purchased or otherwise acquired during the period from October 19, 2016 to October 21, 2016, inclusive, and:

    a.   sold prior to October 24, 2016, the Recognized Loss will be zero.

    b.   retained beyond October 21, 2016, and sold before January 30, 2017, the Recognized Loss will be equal to the lesser of:

        a.   $0.85 per share; or

---

[6] $20.64 is equal to the mean closing stock price between January 30, 2017 and May 1, 2017, inclusive.

13

      b.   the excess (if any) of the purchase price per share over the sale price.

   c.   retained beyond October 21, 2016, and sold prior to or on May 1, 2017, the Recognized Loss will be equal to the lesser of:

      a.   $7.57 per share; or

      b.   the excess (if any) of the purchase price per share over the price per share listed in Table B, below.

   d.   retained beyond October 21, 2016, and retained beyond May 1, 2017, the Recognized Loss will be equal to the lesser of:

      a.   $7.57 per share; or

      b.   the excess (if any) of the purchase price per share over the PSLRA 90-day look back price of $20.64.

  iv.   For each share of Opus common stock purchased or otherwise acquired during the period from October 24, 2016 to January 27, 2017, inclusive, and:

   a.   sold prior to January 30, 2017, the Recognized Loss will be zero.

   b.   retained beyond January 27, 2017, and sold prior to or on May 1, 2017, the Recognized Loss will be equal to the lesser of:

      a.   $6.72 per share; or

      b.   the excess (if any) of the purchase price per share over the price per share listed in Table B, below.

   c.   retained beyond January 27, 2017, and retained beyond May 1, 2017, the Recognized Loss will be equal to the lesser of:

      a.   $6.72 per share; or

      b.   the excess (if any) of the purchase price per share over the PSLRA 90-day look back price of $20.64.

**Table A:  Maximum Recoverable Amounts per Share of Opus Common Stock**

| Period of Purchase | Period of Sale | | | | |
|---|---|---|---|---|---|
| | 1/26/2015 through 10/14/2016 | 10/17/2016 through 10/18/2016 | 10/19/2016 through 10/21/2016 | 10/24/2016 through 01/27/2017 | On or Beyond 01/30/2017 |
| 1/26/2015 through 10/14/2016 | $0.00 | $6.42 | $8.22 | $9.07 | $15.79 |
| 10/17/2016 through 10/18/2016 | $0.00 | $0.00 | $1.80 | $2.65 | $9.38 |
| 10/19/2016 through 10/21/2016 | $0.00 | $0.00 | $0.00 | $0.85 | $7.57 |
| 10/24/2016 through 01/27/2017 | $0.00 | $0.00 | $0.00 | $0.00 | $6.72 |

14

EXECUTION COPY

35.     For Class Members who held shares of Opus common stock at the beginning of the Class Period, or who made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Recognized Loss.  Under the FIFO method, shares of Opus common stock sold during the Class Period will be matched first against shares held at the beginning of the Class Period.  The sale of any remaining shares during the Class Period will then be matched in chronological order against shares purchased during the Class Period.

36.     The Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Opus common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery and will not contribute to a market gain or loss until that short position is fully covered.

37.     To the extent a claimant had a gain from his, her, or its overall transactions in Opus common stock during the Class Period, the value of the claim will be zero.  Shares held before the beginning of the Class Period and uncovered short sales are excluded from the calculation of overall gain or loss.  For shares purchased during the Class Period and held through the end of the 90-day look-back period, a value of $20.64 will be applied as the holding value for the purpose of calculating an overall loss or gain.  If a Class Member had a net market loss in his, her or its trading in Opus common stock, the Class Member's net Recognized Loss will be limited to the Class Member's net market loss.

15

**Table B: Opus Bank Common Stock Mean Trading Price During the 90-Day PSLRA Period**

| Date | Price | Date | Price |
|---|---|---|---|
| 1/30/2017 | $20.40 | 3/16/2017 | $21.13 |
| 1/31/2017 | 20.38 | 3/17/2017 | 21.09 |
| 2/1/2017 | 20.47 | 3/20/2017 | 21.05 |
| 2/2/2017 | 20.48 | 3/21/2017 | 20.99 |
| 2/3/2017 | 20.59 | 3/22/2017 | 20.92 |
| 2/6/2017 | 20.67 | 3/23/2017 | 20.87 |
| 2/7/2017 | 20.74 | 3/24/2017 | 20.82 |
| 2/8/2017 | 20.77 | 3/27/2017 | 20.78 |
| 2/9/2017 | 20.79 | 3/28/2017 | 20.74 |
| 2/10/2017 | 20.82 | 3/29/2017 | 20.70 |
| 2/13/2017 | 20.91 | 3/30/2017 | 20.68 |
| 2/14/2017 | 20.99 | 3/31/2017 | 20.67 |
| 2/15/2017 | 21.07 | 4/3/2017 | 20.65 |
| 2/16/2017 | 21.13 | 4/4/2017 | 20.63 |
| 2/17/2017 | 21.18 | 4/5/2017 | 20.59 |
| 2/21/2017 | 21.22 | 4/6/2017 | 20.56 |
| 2/22/2017 | 21.25 | 4/7/2017 | 20.53 |
| 2/23/2017 | 21.28 | 4/10/2017 | 20.50 |
| 2/24/2017 | 21.27 | 4/11/2017 | 20.48 |
| 2/27/2017 | 21.30 | 4/12/2017 | 20.46 |
| 2/28/2017 | 21.31 | 4/13/2017 | 20.44 |
| 3/1/2017 | 21.35 | 4/17/2017 | 20.43 |
| 3/2/2017 | 21.36 | 4/18/2017 | 20.42 |
| 3/3/2017 | 21.38 | 4/19/2017 | 20.41 |
| 3/6/2017 | 21.39 | 4/20/2017 | 20.40 |
| 3/7/2017 | 21.39 | 4/21/2017 | 20.41 |
| 3/8/2017 | 21.37 | 4/24/2017 | 20.44 |
| 3/9/2017 | 21.34 | 4/25/2017 | 20.48 |
| 3/10/2017 | 21.31 | 4/26/2017 | 20.53 |
| 3/13/2017 | 21.26 | 4/27/2017 | 20.58 |
| 3/14/2017 | 21.22 | 4/28/2017 | 20.61 |
| 3/15/2017 | 21.18 | 5/1/2017 | 20.64 |

*Source: Bloomberg Finance, L.P.*

16

38.     The receipt or grant by gift, devise or inheritance of Opus common stock during the Class Period shall not be deemed to be a purchase of Opus common stock for purposes of the calculation of an Authorized Claimant's Recognized Loss if the person from whom the Opus common stock was received did not themselves purchase the common stock during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument or gift or assignment.

39.     If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation.  The Claims Administrator shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Class Members in the same manner and time frame as provided for above.  If any portion of the Net Settlement Fund remains following the above-described distributions and is of such an amount that in the determination of the Claims Administrator, in consultation with Lead Counsel, it is not cost-effective or efficient to redistribute such amount to the Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), to be approved by the Court.

## IV.    DISTRIBUTION OF THE NET SETTLEMENT FUND

40.     The "Recognized Loss" will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and does not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.   The combined Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund.  If this is the case, and subject to the $10.00 minimum payment requirement described in ¶ 28 above, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund, which shall be his, her, or its Recognized Loss divided by the total of all Recognized Losses to be paid, multiplied by the total amount in the Net Settlement Fund.

41.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court against Lead Plaintiff's Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants or the Released Parties. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be

subject to and bound by the terms of the Settlement, including the release of the Released Claims against the Released Parties provided for therein and in the Judgment.

42.     The Net Settlement Fund will not be distributed until the Court has approved a Plan of Allocation in an order that has become final (that is, the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired and no appeal has been taken or the order has been affirmed on all possible appeals) and the Court has issued a Class Distribution Order that has also become final.

43.     The Court's approval of the Settlement is independent from its approval of the Plan of Allocation, its approval of Lead Counsel's application for attorneys' fees and Litigation Expenses, as well as the issuance of any Class Distribution Order.  Any determination by the Court or any appellate court with respect to the Plan of Allocation, Lead Plaintiff's application for attorneys' fees and Litigation Expenses and/or any Class Distribution Order will not affect the Settlement, if approved.

44.     Only those Class Members who purchased Opus common stock during the Class Period and were damaged as a result of such purchases will be eligible to share in the distribution of the Net Settlement Fund.  Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim Form establishing membership in the Class and include all required documentation before the deadline set forth herein.

45.     Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim Form before the deadline shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Settlement, including the terms of any judgments entered and releases given.  This means that, if the Settlement is approved, each Class Member will be bound by the release of claims (described in ¶¶ 49-54 below) regardless of whether or not such Class Member submits a Proof of Claim Form.

46.     Persons and entities that are excluded from the Class by definition or that timely and properly request to exclude themselves from the Class (in the manner described below) will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

48.     The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or may modify it without further notice to the Class.

EXECUTION COPY

---

**WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?**

---

49.     If the Settlement is approved, the Court will enter the Judgment. The Judgment will dismiss with prejudice the claims against Defendants in the Action and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each Class Member, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

50.     The Judgment will also provide that, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived,  discharged and dismissed each and every one of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Settled Defendants' Claim or any matter related thereto.

51.     "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that (1) have been asserted in this Action by Lead Plaintiff, the Class Members, or any of them against any of the Released Parties, or (2) could have been asserted in any forum by Lead Plaintiff, the Class Members or any of them against any of the Released Parties which in any way arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition or ownership of Opus common stock during the Class Period and (ii) the allegations, transactions, facts, matters or occurrences, representations or

19

omissions involved, set forth, or referred to in either of the complaints filed in this Action. Notwithstanding the foregoing, "Released Claims" does not include (1) claims relating to the enforcement of the Settlement or its terms and (2) the claims alleged in *Klein v. Gordon*, No. 8:17-cv-00123-AB-JPR (C.D. Cal.) and *Dillard v. Gordon*, No. BC651522 (Los Angeles Sup. Ct.).

52.    "Released Party" and "Released Parties" means any and all of the Defendants, each of the Defendants' respective past and present subsidiaries, parents, successors, predecessors, assigns, affiliates, controlled persons, controlling persons, family members and partners, and as to each of the foregoing, their legal representatives, heirs, executors, administrators, trustees, beneficiaries, managers, officers, directors, agents, employees, and attorneys.

53.    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by any of the Defendants, and all persons and/or entities claiming by, through, or on behalf of them, against Lead Plaintiff, any of the Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Action.  "Settled Defendants' Claims" does not include claims by Defendants or the Released Parties relating to the enforcement of the Settlement or its terms.

54.    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Lead Plaintiff and Defendants stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, principle of common law, or any other law, rule or regulation that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Class Members' and Defendants' successors

20

EXECUTION COPY

and assigns and any persons or entities claiming through or on their behalf shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a material element of this Settlement.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

55.   Lead Plaintiff's Counsel has not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor has Lead Plaintiff's Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund (or $4,250,000), plus interest at the same rate and for the same time period as earned by the Settlement Fund.   At the same time, Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $100,000 plus interest at the same rate and for the same time period as earned by the Settlement Fund.  The sums that may be approved by the Court will be paid from the Settlement Fund.  The Court's approval of Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, in whole or part, and any determination by any appellate court with respect thereto, is a matter separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and will not affect the Settlement, if approved.  Class Members are not personally liable for the payment of any sums awarded by the Court or any appellate court with respect to Lead Counsel's application for attorneys' fees and Litigation Expenses.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

---

56.   If you purchased Opus common stock as described above, and you are not excluded from the definition of the Class and you do not timely and properly request to exclude yourself from the Class in the manner provided in this Notice, then you are a member of the Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class, including the Judgment and the releases therein.  If you are a member of the Class, you must submit a Proof of Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  A Proof of Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Proof of Claim Form be mailed to you.  The website is www.opusbanksecuritieslitigation.com.  You may also request a Proof   of   Claim   Form   by   calling   toll-free   (833) 609-9714   or   emailing

info@opusbanksecuritieslitigation.com. Copies of the Proof of Claim Form can also be downloaded from Lead Counsel's website at www.cohenmilstein.com. Those who timely and properly exclude themselves from the Class, and those who do not submit timely and valid Proof of Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement. Please retain all records of your ownership of, or transactions in, Opus common stock during the Class Period, as they may be needed to document your claim. Do not submit original documentation with your Proof of Claim Form – submit copies only – because materials submitted will not be returned.

57. As a Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

58. If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section below entitled, "What If I Do Not Want to Be a Part of the Settlement? How Do I Exclude Myself?"

59. If you wish to object to the Settlement or any of its terms, the proposed Judgment, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

## WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

60. Each Class Member will be bound by all determinations and judgments, whether favorable or unfavorable, concerning the Settlement, if approved by the Court, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Opus Bank Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111. The written request for exclusion must be received by no later than _____, 2018. Each person's or entity's written request for exclusion must clearly provide their (i) name, (ii) address, (iii) telephone number, (iv) number of shares of Opus common stock purchased or sold, (v) prices or other consideration paid or received for such share(s), (vi) the date of each purchase or sale transaction, and (vii) a statement that the Class member wishes to be excluded from the Class in *Schwartz v. Opus Bank*, Case No. 2:16-cv-07991-AB-JPR (C.D. Cal.). Each written request for exclusion must be signed by the person or entity requesting to be excluded.

22

2295092.2

EXECUTION COPY

Requests for exclusion will not be valid if they do not include the information set forth above and are not received by the date stated above, unless the Court otherwise determines.

***Please keep a copy of everything you send by mail, in case it is lost during shipping.***

61.    If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

---

62.    **If you do not wish to object in person to the proposed Settlement, Judgment, Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.**

63.    The Final Approval Hearing will be held on _____, 2018, at _:_ _.m., before the Honorable André Birotte Jr. in the United States District Court for the Central District of California, United States Courthouse, 350 West First St., Los Angeles, CA 90012, Courtroom 7B.  The Court reserves the right to approve the Settlement, enter the Judgment, approve the Plan of Allocation or grant Lead Counsel's request for attorneys' fees and Litigation Expenses at or after the Final Approval Hearing without further notice to the members of the Class.

64.    Any Class Member who does not timely and properly request exclusion from the Class in accordance with ¶ 60 above may object to the proposed Settlement, Judgment, Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below.  You must also serve the written objection on Lead Counsel for the Class and counsel for Defendants at the addresses set forth below.  You must serve the written objection so that the Court and all counsel *receive* the objections on or before _____, 2018.

23

EXECUTION COPY

| **Clerk's Office** | **Lead Counsel for the Class** | **Counsel for Defendants** |
|---|---|---|
| Clerk of Court<br>United States Courthouse<br>350 West First St.<br>Suite 4311<br>Los Angeles, CA 90012 | COHEN MILSTEIN SELLERS &<br>TOLL PLLC<br>Steven J. Toll<br>Daniel S. Sommers<br>S. Douglas Bunch<br>1100 New York Ave. N.W.<br>Suite 500, East Tower<br>Washington, D.C. 20005 | KATTEN MUCHIN<br>ROSENMAN LLP<br>Eric A. Kuwana<br>2900 K. St. N.W.<br>North Tower, Suite 200<br>Washington, D.C. 20007 |

65.    Unless the Court orders otherwise, your written objection will be considered only if it includes all of the following information: (a) your full name, address, and phone number; (b) a list and documentation of all of your transactions in Opus common stock during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; and (e) your signature, even if you are represented by counsel.

66.    You may not object to the Settlement, or any aspect of it, if you are not a member of the Class or if you exclude yourself from the Class.

67.    If you wish to be heard orally at the Final Approval Hearing in opposition to the proposed Settlement, Judgment, Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, you must also include in your written objection (that must be filed and served in the manner and time period set forth above in ¶¶ 64-65) the following information: (a) a statement of your intention to appear at the Final Approval Hearing; (b) a list of all persons, if any, who will be called to testify in support of the objection and the subject of their expected testimony and the basis therefor; and (c) if you intend to appear at the Final Approval Hearing through counsel, a statement identifying all attorneys who will appear on your behalf.

68.    You may file a written objection without having to appear at the Final Approval Hearing.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants'

24

EXECUTION COPY

Counsel at the addresses set forth above in ¶ 64 so that the notice is received on or before _____, 2018.

70.    If you object to the proposed Settlement, Judgment, Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Released Claims as against the Released Parties contained in the Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Net Settlement Fund if you have timely and properly filed a Proof of Claim Form in the manner stated in ¶ 56 above and the Claims Administrator approves your claim.

71.    The Final Approval Hearing may be adjourned by the Court without further written notice to the Class. Any new date for the Final Approval Hearing will be posted on the settlement website at www.opusbanksecuritieslitigation.com. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

---

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

---

72.    If you purchased Opus common stock for the beneficial interest of a person or organization other than yourself, you must either (i) within fourteen (14) days after you receive this Notice, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim Form to forward to all such beneficial owners, and within fourteen (14) days of receipt of the copies of the Notice and Proof of Claim Form forward them to all such beneficial owners; or (ii) within fourteen (14) days after you receive this Notice, provide a list of the names and addresses of all such beneficial owners (preferably in electronic format (*e.g.*, Excel .csv)) to *Opus Bank Securities Litigation*, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111 or by email to info@opusbanksecuritieslitigation.com. If you choose the second option, the Claims Administrator will send a copy of the Notice and Proof of Claim Form to each beneficial owner whose name and address you provide. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and Proof of Claim Form may also be obtained by calling the Claims Administrator at (833) 609-9714, or may be downloaded from the settlement website, www.opusbanksecuritieslitigation.com, or Lead Counsel's website, www.cohenmilstein.com.

EXECUTION COPY

---

**CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

73.    This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.opusbanksecuritieslitigation.com, including, among other documents, copies of the Stipulation and the Amended Complaint.  All inquiries concerning this Notice should be directed to:

*Opus Bank Securities Litigation*
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111
(833) 609-9714
info@opusbanksecuritieslitigation.com


OR


COHEN MILSTEIN SELLERS
& TOLL PLLC
Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
1100 New York Ave. N.W.
Suite 500, East Tower
Washington, D.C. 20005
(202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**


Dated: _____, 2017

By Order of the Court
United States District Court for the Central District of California


26

2295092.2

EXECUTION COPY

**EXHIBIT A-2**

**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Telephone: (310) 201-9150
Facsimile: (301) 432-1495
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
lportnoy@glancylaw.com
*Liaison Counsel for Lead Plaintiff and the Class*
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON,<br><br>                              Defendants. | Civil No. 2:16-cv-07991-AB-JPR<br><br>**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT** |

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED COMMON STOCK OF OPUS BANK ("OPUS") BETWEEN JANUARY 26, 2015 AND JANUARY 30, 2017, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action. A hearing will be held with respect to the Settlement on _____ 2018, at ___ _.m. before the Honorable André Birotte Jr. at the United States District Court for the Central District of California, United States Courthouse, 350 West First St., Courtroom 7B, Los Angeles, CA 90012.

1

EXECUTION COPY

The purpose of the hearing is to determine whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which the Settlement Amount of seventeen million U.S. dollars ($17,000,000) shall be deposited into a Settlement Fund in exchange for the dismissal of the Action with prejudice and a release of claims against Defendants and Released Parties, should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Class.  If you purchased Opus common stock during the Class Period, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form postmarked no later than _____, 2018, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

This Summary Notice provides only a summary of matters regarding the Action and the Settlement.  A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Class Members to appear in Court at the Final Approval Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Class Members.  You may obtain a copy of that Notice, a Proof of Claim Form, the Stipulation and Agreement of Settlement, and other information at www.opusbanksecuritieslitigation.com, or by writing to the following address or calling the following telephone number:

*Opus Bank Securities Litigation*
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111
(833) 609-9714

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation, and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard, by submitting no later than _____, 2018, a written objection in accordance with the procedures described in the Notice.  You also have the right to exclude yourself from the Class by submitting no later than _____, 2018, a written request for exclusion from the Class in accordance with the procedures described in the Notice.  If the Settlement is approved by the Court, you will be bound by the Settlement and the Court's Judgment, including the releases provided for in the Settlement and Judgment, unless you submit a request to be excluded.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice, Proof of Claim Form, and the Stipulation referenced above, may be made to Lead Counsel for the Lead Plaintiff:

2

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
1100 New York Ave N.W.
Suite 500, East Tower
Washington, D.C. 20005
(202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

DATED: _____


By Order of the Court,
United States District Court for the Central District of California

3

EXECUTION COPY

**Exhibit A-3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
*Schwartz v. Opus Bank*
Case No.: 2:16-cv-07991-AB-JPR

**MUST BE POSTMARKED NO LATER THAN xxxxxxx, 2018**

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *Schwartz v. Opus Bank*, No. 2:16-cv-07991-AB-JPR (the "Action"),[1] you must complete and, on page 7 hereof, sign this Proof of Claim Form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2. Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of Pendency of Class Action and Proposed Settlement ("Notice").

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE _____, 2018, ADDRESSED AS FOLLOWS:

*Opus Bank Securities Litigation*
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5. If you are a Class Member and you do not timely and validly request exclusion from the proposed Settlement, you will still be bound by the terms of the Settlement and any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

### IDENTIFICATION OF CLAIMANT

6. THIS PROOF OF CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF OPUS COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

7. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

8. All joint purchasers must sign this Proof of Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim Form on behalf of Persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

### IDENTIFICATION OF TRANSACTION(S)

9. Use Part II of this form entitled "Schedule of Holdings and Transactions in Opus Common Stock" to supply all required details of your transaction(s) in Opus common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

10. On the schedules, provide all of the requested information with respect to *all* of your purchases of Opus common stock which took place during the Class Period, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

11. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

12. You should attach documentation verifying your transactions in Opus common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

---

[1] This Proof of Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of December 22, 2017 ("Settlement" or the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. A copy of the Stipulation can be obtained at www.opusbanksecuritieslitigation.com.

EXECUTION COPY

# PROOF OF CLAIM FORM

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN xxxxxxx, 2018**

</td><td>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
*Schwartz v. Opus Bank*
Case No.: 2:16-cv-07991-AB-JPR

</td><td>

</td></tr>
</table>

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**
The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the distribution (check), if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the above address.

Claimant's Name (as you would like it to appear on your check if eligible for payment)

Address Line 1 (Number and Street or P.O. Box)

Address Line 2 (if needed)

City

State or Province

Zip Code

Country name

Last 4 Digits of Social Security Number (for individuals)
Or T.I.N. (for estates, trusts, corporations, etc.)

Representative's Name (if different from the Claimant's Name(s) listed above)

Telephone Number (Work)

Telephone Number (Home)

Email

EXECUTION COPY

## PART II: SCHEDULE OF TRANSACTIONS IN OPUS COMMON STOCK

    **A.** **Holdings at Start of Class Period: List all shares of Opus common stock held as of January 26, 2015.**

**Quantity of Shares Held**

    **B.** **Purchases: List all purchases of Opus common stock between January 26, 2015 and January 30, 2017, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

    **If you require additional space to list your transactions, use photocopies of this page and check this box.** ☐

EXECUTION COPY

C.  **Sales: List all sales of Opus common stock from January 26, 2015 until the date you file this Proof of Claim Form. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.  **Unsold Holdings: List the number of shares of Opus common stock held as of the date you file the Proof of Claim Form. Be sure to attach documentation verifying your holdings such as a current account statement.**

**Quantity of Shares Held**

If you require additional space to list your transactions, use photocopies of this page and check this box. ☐

4

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 7 WILL CONSTITUTE YOUR
ACKNOWLEDGMENT OF THE RELEASE.

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (WE) SUBMIT THIS PROOF OF CLAIM FORM UNDER THE TERMS OF THE SETTLEMENT DESCRIBED
IN THE NOTICE. I (WE) ALSO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WITH RESPECT TO MY (OUR) CLAIM AS A CLASS
MEMBER AND FOR PURPOSES OF ENFORCING THE RELEASES SET FORTH IN THE SETTLEMENT AND
REPEATED HEREIN.  I (WE) FURTHER ACKNOWLEDGE THAT I AM (WE ARE) BOUND BY AND SUBJECT TO
THE TERMS OF ANY JUDGMENT THAT MAY BE ENTERED IN THE ACTION. I (WE) AGREE TO FURNISH
ADDITIONAL INFORMATION TO THE CLAIMS ADMINISTRATOR TO SUPPORT THIS CLAIM IF REQUESTED TO
DO SO.  I (WE) HAVE NOT SUBMITTED ANY OTHER CLAIM COVERING THE SAME PURCHASES OR SALES OF
OPUS COMMON STOCK AND KNOW OF NO OTHER PERSON HAVING DONE SO ON MY (OUR) BEHALF.

**PART IV: RELEASE**

1. I (WE) HEREBY ACKNOWLEDGE, ON BEHALF OF MYSELF (OURSELVES) AND EACH OF MY (OUR) HEIRS,
BENEFICIARIES, TRUSTEES, EXECUTORS, ADMINISTRATORS, PREDECESSORS, SUCCESSORS AND ASSIGNS,
AND ANY OTHER PERSON CLAIMING BY, THROUGH OR ON BEHALF OF ME (US), THAT I (WE) (A) RELEASE,
RESOLVE, RELINQUISH, WAIVE, DISCHARGE AND DISMISS EACH AND EVERY ONE OF THE RELEASED
CLAIMS AGAINST THE RELEASED PARTIES; (B) ARE FOREVER ENJOINED FROM COMMENCING,
INSTITUTING OR PROSECUTING ANY OR ALL OF THE RELEASED CLAIMS AGAINST ANY OF THE
RELEASED PARTIES; AND (C) ARE FOREVER ENJOINED FROM INSTITUTING, CONTINUING, MAINTAINING
OR ASSERTING, EITHER DIRECTLY OR INDIRECTLY, WHETHER IN THE UNITED STATES OR ELSEWHERE,
ON MY (OUR) OWN BEHALF OR ON BEHALF OF ANY CLASS OR ANY OTHER PERSON, ANY ACTION, SUIT,
CAUSE OF ACTION, CLAIM OR DEMAND AGAINST ANY PERSON OR ENTITY WHO MAY CLAIM ANY FORM
OF CONTRIBUTION OR INDEMNITY FROM ANY OF THE RELEASED PARTIES IN RESPECT OF ANY
RELEASED CLAIM OR ANY MATTER RELATED THERETO.

2. "RELEASED PARTIES" MEANS ANY AND ALL OF THE DEFENDANTS, EACH OF THE DEFENDANTS'
RESPECTIVE PAST AND PRESENT SUBSIDIARIES, PARENTS, SUCCESSORS, PREDECESSORS, ASSIGNS,
AFFILIATES, CONTROLLED PERSONS, CONTROLLING PERSONS, FAMILY MEMBERS AND PARTNERS, AND
AS TO EACH OF THE FOREGOING, THEIR LEGAL REPRESENTATIVES, HEIRS, EXECUTORS,
ADMINISTRATORS, TRUSTEES, BENEFICIARIES, MANAGERS, OFFICERS, DIRECTORS, AGENTS,
EMPLOYEES, AND ATTORNEYS.

3. "RELEASED CLAIMS" MEANS ANY AND ALL CLAIMS, DEBTS, DEMANDS, RIGHTS OR CAUSES OF ACTION
OR LIABILITIES WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS FOR DAMAGES,
INTEREST, ATTORNEYS' FEES, EXPERT OR CONSULTING FEES, AND ANY OTHER COSTS, EXPENSES OR
LIABILITY WHATSOEVER), WHETHER BASED ON FEDERAL, STATE, LOCAL, STATUTORY, OR COMMON
LAW OR ANY OTHER LAW, RULE OR REGULATION, WHETHER FIXED OR CONTINGENT, ACCRUED OR
UNACCRUED, LIQUIDATED OR UNLIQUIDATED, AT LAW OR IN EQUITY, MATURED OR UNMATURED,
WHETHER CLASS OR INDIVIDUAL IN NATURE, INCLUDING BOTH KNOWN CLAIMS AND UNKNOWN
CLAIMS, THAT HAVE (1) BEEN ASSERTED IN THIS ACTION BY LEAD PLAINTIFF, THE CLASS MEMBERS, OR
ANY OF THEM AGAINST ANY OF THE RELEASED PARTIES, OR (2) THAT COULD HAVE BEEN ASSERTED IN
ANY FORUM BY LEAD PLAINTIFF, THE CLASS MEMBERS OR ANY OF THEM AGAINST ANY OF THE
RELEASED PARTIES WHICH IN ANY WAY ARISE OUT OF, ARE RELATED TO, OR ARE BASED UPON (I) THE
PURCHASE, SALE, TRANSFER, ACQUISITION OR OWNERSHIP OF OPUS COMMON STOCK DURING THE
CLASS PERIOD AND (II) THE ALLEGATIONS, TRANSACTIONS, FACTS, MATTERS OR OCCURRENCES,
REPRESENTATIONS OR OMISSIONS INVOLVED, SET FORTH, OR REFERRED TO IN EITHER OF THE
COMPLAINTS FILED IN THIS ACTION.  NOTWITHSTANDING THE FOREGOING, "RELEASED CLAIMS" DOES
NOT INCLUDE CLAIMS RELATING TO THE ENFORCEMENT OF THE SETTLEMENT OR ITS TERMS.
NOTWITHSTANDING THE FOREGOING, "RELEASED CLAIMS" DOES NOT INCLUDE (1) CLAIMS RELATING

EXECUTION COPY

TO THE ENFORCEMENT OF THE SETTLEMENT OR ITS TERMS AND (2) THE CLAIMS ALLEGED IN *KLEIN V. GORDON*, NO. 8:17-CV-00123-AB-JPR (C.D. CAL.) AND *DILLARD V. GORDON*, NO. BC651522 (LOS ANGELES SUP. CT.).

4. "UNKNOWN CLAIMS" MEANS ANY AND ALL RELEASED CLAIMS THAT LEAD PLAINTIFF OR ANY CLASS MEMBER DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR AT THE TIME OF THE RELEASE OF THE RELEASED PARTIES, AND ANY OF THE SETTLED DEFENDANTS' CLAIMS WHICH ANY DEFENDANT DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR, WHICH IF KNOWN BY HIM, HER OR IT MIGHT HAVE AFFECTED HIS, HER OR ITS DECISION(S) WITH RESPECT TO THE SETTLEMENT.  WITH RESPECT TO ANY AND ALL RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS, LEAD PLAINTIFF AND DEFENDANTS STIPULATE AND AGREE THAT UPON THE EFFECTIVE DATE, LEAD PLAINTIFF AND DEFENDANTS SHALL EACH, FOR THEMSELVES AND ALL PERSONS CLAIMING BY, THROUGH, OR ON BEHALF OF THEM, EXPRESSLY WAIVE, AND EACH CLASS MEMBER SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE EXPRESSLY WAIVED, ANY AND ALL PROVISIONS, RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE OR TERRITORY OF THE UNITED STATES, OR PRINCIPLE OF COMMON LAW, THAT IS SIMILAR, COMPARABLE, OR EQUIVALENT TO CAL. CIV. CODE § 1542, WHICH PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

LEAD PLAINTIFF AND DEFENDANTS ACKNOWLEDGE, AND CLASS MEMBERS' AND DEFENDANTS' SUCCESSORS AND ASSIGNS AND ANY PERSONS OR ENTITIES CLAIMING THROUGH OR ON THEIR BEHALF SHALL, BY OPERATION OF LAW, BE DEEMED TO HAVE ACKNOWLEDGED, THAT THE INCLUSION OF "UNKNOWN CLAIMS" IN THE DEFINITION OF RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS WAS SEPARATELY BARGAINED FOR AND WAS A MATERIAL ELEMENT OF THIS SETTLEMENT.

5. THIS RELEASE SHALL BE OF NO FORCE OR EFFECT UNLESS AND UNTIL THE COURT APPROVES THE SETTLEMENT AND THE SETTLEMENT BECOMES EFFECTIVE ON THE EFFECTIVE DATE (AS DEFINED IN THE STIPULATION).

6. I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE NOT ASSIGNED OR TRANSFERRED OR PURPORTED TO ASSIGN OR TRANSFER, VOLUNTARILY OR INVOLUNTARILY, ANY MATTER RELEASED PURSUANT TO THE SETTLEMENT OR ANY OTHER PART OR PORTION THEREOF.

7. I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE INCLUDED INFORMATION ABOUT ALL OF MY (OUR) PURCHASES AND SALES OF OPUS COMMON STOCK DURING THE REQUIRED PERIODS AS SET FORTH ABOVE.

8. I (WE) HEREBY WARRANT AND REPRESENT THAT I AM (WE ARE) NOT EXCLUDED FROM THE CLASS AS DEFINED IN THE NOTICE.

9. I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

NOTE:  IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE.

EXECUTION COPY

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____, in _____, _____

(Month/Year)                          (City)                              (State/Country)

| | |
|---|---|
| Signature of Claimant | Signature of Joint Claimant, if any |

| | |
|---|---|
| Print Name of Claimant | Print Name of Joint Claimant, if any |

| | |
|---|---|
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

| | |
|---|---|
| Signature of Person Completing Form | Date |

| | |
|---|---|
| Print Name of Person Completing Form | Capacity of Person(s) Signing, (e.g., Beneficial Purchaser, Executor or Administrator) |

**REMINDER CHECKLIST**

☐  1.  Please be sure to sign this Proof of Claim Form.
☐  2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.
☐  3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
☐  4.  Keep a copy of your Proof of Claim Form for your records.
☐  5.  If you move, please send your new address to the Claims Administrator at the address below:

*Opus Bank Securities Litigation*
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111_
info@opusbanksecuritieslitigation.com

☐  6.  **Do not use highlighter on the Proof of Claim Form or supporting documentation.**

EXECUTION COPY

EXHIBIT B

**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Telephone: (310) 201-9150
Facsimile: (301) 432-1495
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
lportnoy@glancylaw.com
*Liaison Counsel for Lead Plaintiff and the Class*
[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>       v.<br><br>OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON,<br><br>                  Defendants. | Civil No. 2:16-cv-07991-AB-JPR<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT** |

WHEREAS, this matter came before the Court for hearing on _____, 2018 (the "Final Approval Hearing"), on the application of Lead Plaintiff Arkansas Public Employees Retirement Fund ("APERS" or "Lead Plaintiff") and Opus Bank ("Opus"), Stephen H. Gordon ("Gordon"), and Michael L. Allison ("Allison") (collectively "Defendants"), to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of December 22, 2017 (the "Settlement" or the "Stipulation") and the proposed settlement embodied therein are fair, reasonable,

1

and adequate and should be approved by the Court; and (ii) whether a Judgment providing, among other things, for the dismissal with prejudice of this Action against Defendants as provided for in the Settlement, should be entered; and

WHEREAS, the Court, in its Order dated _____, 2018 (the "Preliminary Approval Order") directed that the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and a Proof of Claim Form, substantially in the forms attached as Exhibits A-1 and A-3 to the Preliminary Approval Order, be mailed by first-class mail, postage pre-paid, within twenty-one (21) days following entry of the Preliminary Approval Order (the "Notice Date") to all putative Class Members at the address of each such Class Member as set forth in the records of Opus' stock transfer agent, or who otherwise could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action and Proposed Settlement (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-2, be published in *Investors' Business Daily* and on *PR Newswire* as of fourteen (14) days after the Notice Date; and that the Settlement, Notice, and Proof of Claim Form be posted to a website dedicated to the administration of the Settlement on or before the Notice Date; and

WHEREAS, the Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Final Approval Hearing, and further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties by _____, 2018; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

2

WHEREAS, on _____, 2018, Lead Plaintiff, joined by Defendants, moved for final approval of the Settlement, as set forth in the Preliminary Approval Order;

WHEREAS, the Final Approval Hearing was duly held before this Court on _____, 2018, at which time all interested persons were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Final Approval Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1.      This Judgment hereby incorporates by reference the definitions in the Settlement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Claims Administrator.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, this Court finally certifies this Action as a class action with the Class defined as: all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive.  Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded

3

EXECUTION COPY

persons or entities.  Also excluded from the Class are any putative Class Members who exclude

themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4.      The Court finds and concludes, for purposes of settlement only, that the prerequisites

for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are

satisfied in that: (1) the number of Class Members is so numerous that joinder of all Class Members is

impracticable; (2) there are questions of law and fact common to Class Members; (3) Lead Plaintiff's

claims are typical of the Class's claims; (4) Lead Plaintiff and Lead Counsel have and will fairly and

adequately represent and protect the interests of the Class; (5) the questions of law and fact common to

Class Members predominate over any individual questions; and (6) a class action is superior to other

available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of

settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and

finally appoints Lead Plaintiff as class representative for the Class, and finally appoints Cohen Milstein

Sellers & Toll PLLC, previously appointed as Lead Counsel, as counsel for the Class.

6.      The notice of the pendency of the Action as a class action and of the proposed

Settlement, including the Notice and Summary Notice, was given to all Class Members who could be

identified with reasonable effort, consistent with the terms of the Preliminary Approval Order.  The

form and method of notifying the Class of the pendency of the Action as a class action and of the terms

and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil

Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as

amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States

(including the due process clause); and all other applicable laws.  Such notice constituted the best notice

4

practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.  Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of their right to seek to exclude themselves from the Class, of the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves from the Class by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order, the Notice, and the Summary Notice are bound by this Judgment.  Those persons and entities who timely and properly requested to be excluded from the Class are set forth on Exhibit 1 annexed hereto.

8.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate, and in the best interests of Class Members, including Lead Plaintiff.  This Court further finds that the Settlement is the result of arms' length negotiations between experienced counsel representing the interests of the Settling Parties and that it was negotiated with the assistance of an experienced mediator.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9.  The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

5

10.     The Court hereby finally approves the Settlement Fund as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-1.

11.     The Action and all claims asserted therein are dismissed with prejudice.  The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement.

12.     Upon the Effective Date, Lead Plaintiff and each Class Member, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

13.     Upon the Effective Date, each of the Defendants, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or

6

asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Settled Defendants' Claim or any matter related thereto.

14.      Notwithstanding any of the releases above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

15.      The fact and terms of the Settlement, including the exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.      shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.      shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

7

EXECUTION COPY

c.      shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to this Settlement to effectuate the protection from liability granted them hereunder;

d.      shall not be construed against the Released Parties, Defendants' Counsel, Lead Plaintiff's Counsel or Lead Plaintiff or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

e.      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.      No Class Member shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or against any of the Defendants, the Released Parties or Defendants' Counsel based on the investments, costs, expenses, administration, allocations, payments, and distributions that are made substantially in accordance with the Settlement, the Plan of Allocation approved by the Court, this Judgment or further order of the Court.

17.      Neither Defendants nor any of the other Released Parties shall have any obligation to fund any portion of the Settlement Amount as set forth in ¶ 2 of the Settlement.

8

18.     The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's Claim on equitable grounds and any award or distribution of the Settlement Fund and/or Net Settlement Fund, including entry of a Class Distribution Order; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees and reimbursement of the Litigation Expenses incurred by Lead Plaintiff's Counsel; (e) enforcing and administering this Judgment, including the releases entered herein; (f) enforcing and administering the Settlement; and (g) any other matters related or ancillary to the foregoing.

19.     A separate order has been proposed regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Plaintiff's Counsel's Litigation Expenses.  In addition, it is anticipated that separate Class Distribution Order(s) will be proposed for consideration by the Court. Such orders, if entered, shall not disturb or affect any of the terms of this Judgment and any appeal of or challenge to any such orders, or reversal or modification thereof, shall in no way disturb or affect the finality of the provisions of this Judgment or preclude the Effective Date of the Settlement from occurring or provide any Settling Party with any basis to terminate the Settlement.

20.     The Plan of Allocation submitted by Lead Counsel, as described in the Notice, is hereby approved as fair, reasonable and adequate.  The approval of the Plan of Allocation, and any order or proceeding relating thereto, shall not disturb or affect any of the other terms of this Judgment.  Any appeal of or challenge to, or reversal or modification of, the approval of the Plan of Allocation, and any order or proceeding relating thereto, shall in no way disturb or affect the finality of the other terms of this Judgment or preclude the Effective Date of the Settlement from occurring or provide any Settling Party with any basis to terminate the Settlement.

9

21.     In the event that the Effective Date of the Settlement does not occur or the Settlement is terminated pursuant to its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to November 18, 2016; and (c) any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees and Litigation Expenses, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement Amount and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by Lead Counsel and/or the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants' Counsel to Lead Counsel, all as specified in ¶ 48 of the Settlement.

22.     Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

23.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.


        IT IS SO ORDERED

EXECUTION COPY

DATED: _____        _____
                              THE HONORABLE ANDRÉ BIROTTE JR.
                              UNITED STATES DISTRICT JUDGE

11

2295093.2