NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON,<br><br>Defendants. | Civil No. 2:16-cv-07991-AB-JPR<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER |

WHEREAS, Lead Plaintiff Arkansas Public Employees Retirement Fund ("Lead Plaintiff" or "APERS") on behalf of itself and each of the Class Members, and Opus Bank ("Opus"), Stephen H. Gordon ("Gordon") and Michael L. Allison ("Allison") (Opus, Gordon, and Allison are collectively referred to as "Defendants"), by and through their respective counsel, have entered into a settlement of the claims asserted against Defendants in the above-captioned putative class action (the "Action"), the terms of which are set forth in a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement"), dated as of December 22, 2017; and

WHEREAS, Lead Plaintiff has moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order, among other things, preliminarily approving the Settlement, certifying a Class solely for the purposes of Settlement, and providing

for notice to potential members of the Class; and

WHEREAS, the Court has read and considered the Stipulation and the exhibits thereto, including the proposed Notice of Pendency of Class Action and Proposed Settlement (the "Notice"); the Summary Notice of Pendency of Class Action and Proposed Settlement (the "Summary Notice"); the Proof of Claim Form, and the [Proposed] Order and Final Judgment, and found that substantial and sufficient grounds exist for entering this Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court, for purposes of this Preliminary Approval Order, hereby adopts and incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as ascribed to them in the Stipulation. As in the Stipulation, unless otherwise explicitly specified herein, all time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

2. The Court preliminarily approves the Stipulation and the proposed settlement embodied therein, including all provisions therein and exhibits attached thereto, as fair, reasonable, and adequate to the Class, subject to further consideration at the Final Approval Hearing.

3. The Court hereby preliminarily certifies the following class for purposes of settlement only (the "Class") pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive. Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such

excluded persons or entities. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4. With respect to the Class, the Court preliminarily finds, for purposes of settlement only, that the prerequisites for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (1) the number of Class Members is so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the Class Members; (3) Lead Plaintiff's claims are typical of the Class's claims; (4) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; (5) the questions of law and fact common to Class Members predominate over any individual questions; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Lead Plaintiff is preliminarily appointed as class representative for the Class and Cohen Milstein Sellers & Toll PLLC, previously appointed Lead Counsel, is preliminarily appointed counsel for the Class.

6. The Court approves the form, substance, and requirements of the Notice, (annexed hereto as Exhibit A-1), Summary Notice (annexed hereto as Exhibit A-2) (Exhibits A-1 and A-2 are collectively referred to as the "Settlement Notices"); and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing, and distribution of the Settlement Notices and Proof of Claim Form substantially in the manner and form set forth in ¶ 7 of this Preliminary Approval Order are in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the due process clause); and any other applicable law, and

constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

7. The Court approves the appointment of JND Legal Administration as the Claims Administrator who, under the supervision of Lead Counsel and subject to the jurisdiction of the Court, shall supervise and administer the notice procedure, as well as the processing of Claims, as more fully set forth below:

a. No later than twenty-one (21) days after entry of the Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form, substantially in the form annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage pre-paid, to all members of the Class at the address of each such person as set forth in the records of Opus' stock transfer agent, or who otherwise can be identified through reasonable effort. For the purpose of providing notice to the Class, Opus shall, within ten (10) days following the entry of this Preliminary Approval Order, provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff's Counsel or the Claims Administrator) its shareholder lists as maintained by its stock transfer agent during the Class Period, in electronic form or such other form as is reasonably available to Opus;

b. The Summary Notice, substantially in the form annexed hereto as Exhibit A-2, shall be published once in *Investor's Business Daily* and on *PR Newswire* no later than fourteen (14) days after the Notice Date; and

c. The Stipulation, the Notice, and the Proof of Claim Form shall also be placed on a website (the "Settlement Website") dedicated to the administration of the Settlement on or before the Notice Date.

8. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Opus common stock during the Class Period as record owners but not as beneficial owners. Nominees who purchased Opus common stock for beneficial owners who are

Class Members are directed to: (1) request within fourteen (14) days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for delivery to such beneficial owners; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice.  If a nominee elects to send the Notice and Proof of Claim Form to beneficial owners, such nominee is directed to mail the Notice and Proof of Claim Form within fourteen (14) days of receipt of the additional copies of the Notice and Proof of Claim Form from the Claims Administrator.  Upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim Form, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be deemed Notice and Administration Costs and paid from the Settlement Fund consistent with the terms of the Settlement.

9. No later than thirty-five (35) days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and Proof of Claim Form, the publication of the Summary Notice, and the creation of the Settlement Website and posting of relevant documents thereto shall have been made, showing that such mailing, publication, website creation, and postings have been made in accordance with this Preliminary Approval Order.

## HEARING: RIGHT TO BE HEARD

10. The Court will hold a Final Approval Hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on July 20, 2018 at 10 a.m., before the Honorable André Birotte Jr., in the United States District Court for the Central District of California, United States Courthouse, 350 West First Street, Los Angeles, California 90012, Courtroom 7B, for the following purposes: (1) to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court; (2) to determine whether the Judgment, substantially in the form attached as Exhibit B to the Settlement, should be entered; (3) to determine, for purposes of settlement, whether the Class should be finally certified; whether Lead Plaintiff should be finally appointed as representative for the Class; and whether Lead Counsel should be finally appointed as counsel for the Class; (4) to determine whether the Plan of Allocation is reasonable and should be approved; (5) to determine whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses incurred by Lead Plaintiff's Counsel should be granted; and (6) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

11. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than thirty-five (35) days prior to the Final Approval Hearing, and any papers in further support thereof shall be filed no later than seven (7) days before the Final Approval Hearing. If an objection is filed pursuant to ¶ 12 below, any reply papers shall be filed no later than seven (7) days before the Final Approval Hearing.

12. Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed settlement as embodied in the Stipulation should or should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or why

the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member (1) has served written objections, by hand, first-class mail postage pre-paid or electronic mail, upon the following counsel for receipt no later than twenty-one (21) days prior to the Final Approval Hearing:

| Counsel for Lead Plaintiff: | Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW<br>East Tower, Suite 500<br>Washington, DC 20005-3964<br>Attn: Steven J. Toll<br>         Daniel S. Sommers<br>         S. Douglas Bunch<br>stoll@cohenmilstein.com |
|---|---|
| Counsel for Defendants: | Katten Muchin Rosenman LLP<br>2900 K St. NW<br>North Tower, Suite 200<br>Washington, DC 20007-5118<br>Attn: Eric A. Kuwana<br>eric.kuwana@kattenlaw.com |

and (2) filed said written objections with the Clerk of the United States District Court for the Central District of California no later than twenty-one (21) days prior to the Final Approval Hearing.  Any such written objection served and filed as set forth above must include: (a) the full name, address, and telephone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions in Opus common stock during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of

each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons, if any, who will be called to testify in support of the objection, the subject of their expected testimony and the basis therefor; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Unless the Court orders otherwise, no member of the Class shall be entitled to object, or otherwise be heard, except by serving and filing written objections as described above.  Any person or entity who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement and by all settlement-related proceedings, orders and judgments in the Action, including the Judgment, if the Settlement is approved by the Court.  By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims as against the Released Parties provided for in the Settlement and the Judgment).

13. Any Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing. If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel

and Defendants' Counsel so that the notice is received twenty-one (21) days prior to the Final Approval Hearing.

14. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class. If the Settlement is approved, all Class Members will be bound by the Settlement, and by any judgment or determination of the Court affecting Class Members, including the Judgment and the releases contained therein, regardless of whether or not a Class Member submits a Proof of Claim Form.

15. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. The Court expressly reserves the right to do the following without further notice to members of the Class: (1) reschedule the Final Approval Hearing; (2) approve the Settlement with modification(s) approved by the Settling Parties; (3) modify the Plan of Allocation; and (4) award such attorneys' fees and reimbursement of Litigation Expenses as the Court finds fair and reasonable. Lead Counsel shall cause any new date for the Final Approval Hearing to be posted on the Settlement Website. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the Settlement; to allow, disallow, or adjust on equitable grounds the Claims of any member of the Class and issue, as appropriate, a Class Distribution Order; and resolve any other issue arising out of or otherwise relating to the Settlement that is otherwise warranted.

## CLAIMS PROCESS

17. In order to be entitled to participate in the distribution(s) from the Net Settlement Fund, a Class Member must complete and timely submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted,

Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred twenty (120) days from the date of the entry of this Order.

18. The Claims Administrator, subject to the supervision of Lead Counsel and the Court, will make administrative determinations concerning the acceptance and rejection of the Proof of Claim Forms submitted by Claimants pursuant to the procedures set forth in the Settlement. By submitting a Proof of Claim Form, a Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim submitted, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of their claim.

19. Any Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Net Settlement Fund, but nonetheless will be bound by all of the terms of the Settlement, including the releases provided for therein and in the Judgment, and shall be barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the Class Members.

## REQUEST FOR EXCLUSION FROM THE CLASS

20. A putative Class Member wishing to make a request for exclusion must submit such a request in written form in the manner and to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Class Members wishing to be excluded from the Class must, in their written request, provide their (1) name, (2) address, (3) telephone number, (4) number of shares of Opus common stock purchased or sold, (5) prices or other consideration paid or received for such shares(s), (6) the date of each purchase or sale transaction, and (7) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must also be signed by the person or entity requesting exclusion. All putative Class Members who submit valid and timely requests for

exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or Judgment.

21. Any member of the Class who does not request exclusion from the Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to, the release of the Released Claims as against the Released Parties provided for in the Settlement and the Judgment, if the Court approves the Settlement.

## ADDITIONAL SETTLEMENT CONDITIONS

22. The Released Parties shall have no responsibility or liability whatsoever with respect to Taxes, Notice and Administration Costs, or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, which shall all be paid from the Settlement Fund, subject to Court approval to the extent set forth herein or in the Settlement. Furthermore, the Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Class Distribution Order. The Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, and any Class Distribution Order will be considered separately from the fairness, reasonableness, and adequacy of the settlement embodied in the Stipulation. At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Plaintiff's Counsel, and whether a Class Distribution Order should be entered. Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses or solely to a Class Distribution Order (or any of them), or any reversal or modification thereof, shall not operate to terminate the Settlement, or preclude the Judgment, if entered by the

Court, from becoming Final or the Effective Date of the Settlement from occurring.

23.  Only Class Members, the Claims Administrator and Lead Plaintiff's Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement.

24.  All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the exclusive jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement or returned to Defendants pursuant to the terms of the Stipulation and/or further order of the Court.

25.  As set forth in the Stipulation, prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $150,000 in Notice and Administration Costs actually and reasonably incurred.  Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $150,000 shall require notice to and agreement from Defendants, through Defendants' Counsel, which agreement shall not be unreasonably withheld.  Subsequent to the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date.  In the event the Effective Date does not occur or the Settlement is otherwise terminated pursuant to its terms, neither Lead Plaintiff, nor Lead Plaintiff's Counsel, nor the Escrow Agent shall have any obligation to repay any such Notice and Administration Costs actually and properly incurred or paid.

26.  The Claims Administrator and its agents are authorized and directed to cause to be prepared any tax returns to be filed for the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund without further Order of the Court, but subject to the supervision of Lead Counsel, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Settlement without further order of the Court.

27. The fact and terms of this Preliminary Approval Order and the Settlement, including the exhibits annexed thereto, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a. shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

    b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

    c. shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to this Settlement to effectuate the protection from liability granted them hereunder;

    d. shall not be construed against the Released Parties, Defendants' Counsel, Lead Plaintiff's Counsel, or Lead Plaintiff or the other Class Members as an

admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

      e.    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

28.    There shall be no distribution of any of the Net Settlement Fund to any Class Member prior to the Effective Date occurring nor until the Court approves, after appropriate notice to the Class, a Plan of Allocation in an order that has become Final and the Court enters a Class Distribution Order that has become Final.

29.    Upon the entry of this Preliminary Approval Order, pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts any Released Claim against any Released Party.

30.    In the event that the Effective Date fails to occur or the Settlement is otherwise terminated pursuant to its terms, this Preliminary Approval Order shall be null and void, and without prejudice, and none of its terms, except for ¶¶ 25-29, shall be effective or enforceable and the facts of the Settlement shall not be admissible in any trial of this Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to November 1, 2017, and except as otherwise expressly provided herein or in the Settlement, the parties shall proceed in all respects as if the Settlement and any related orders had not been entered, and any portion of the Settlement Amount paid into the Escrow Account, together with any interest earned or gains thereon, less any amounts for Taxes paid or owing with respect to such interest income and/or gains and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants

to Lead Counsel, all as specified in ¶ 48 of the Settlement.

31. The Court preliminarily finds that the Escrow Account is a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-1.

IT IS SO ORDERED.

DATED: March 12, 2018  _____
THE HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE