UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHWARTZ, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>OPUS BANK, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:16-cv-07991-AB (JPRx)<br><br>**ORDER DENYING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITHOUT PREJUDICE AND STRIKING MOTION FOR ATTORNEYS' FEES** |

　　　Pending before the Court is the motion for final approval of class action settlement and approval of the plan of allocation of settlement proceeds filed by Lead Plaintiff Arkansas Public Employees Retirement System ("Lead Plaintiff"). Dkt. No. 100. Defendants Opus Bank ("Opus"), Michael Allison, and Steven Gordon (collectively, "Defendants") do not oppose the motion. However, one Opus shareholder, Richard de la Peña, filed an objection to the class action settlement. Dkt. No. 107-2. The Court heard oral argument from Lead Plaintiff, Defendants, and Mr. de la Peña on July 20, 2018. For the following reasons, the Court **DENIES** Lead Plaintiff's motion for final approval without prejudice.

**I.　　BACKGROUND**

　　　This case is a putative securities class action. In essence, Lead Plaintiff claims Defendants misrepresented that Opus had a disciplined and conservative approach to

1.

investing, when in fact it did not.

The parties entered into a $17 million settlement regarding this matter and requested preliminary approval of the class action settlement. Dkt. No. 84. The Court granted preliminary approval, and the claims administrator mailed a class notice ("Notice") to potential class members. Decl. Daniel Sommers, ¶ 41, Ex. C (Dkt. No. 104). The class, as described in the Notice, is defined as:

> all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive. Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded persons or entities. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

*Id.*, at pp. 1-2. The Notice was delivered on April 16, 2018. Sommers Decl., ¶ 41. It required class members to submit claim forms by July 10, 2018 to participate in the settlement. Sommers Decl., Ex. C, at p. 7.

On June 15, 2018, Lead Plaintiff moved for final approval of the class action settlement. Mr. de la Peña submitted an objection to the settlement. Lead Plaintiff and Defendants replied to Mr. de la Peña's objection.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 23 provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). In approving a class action settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). As relevant here, a court "must determine whether the notice

requirements of Rule 23(c)(2)(B) have been satisfied" to approve a class action settlement. *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 886 (C.D. Cal. 2016).

### III. DISCUSSION

Mr. de la Peña does not object to the substantive terms of the settlement. Instead, he objects to the class definition's exclusion of Opus officers. In response, Lead Plaintiff argues that (1) the officer exclusion does not affect the fundamental fairness of the settlement, (2) Mr. de la Peña should submit a claim form to be assessed in the claims administration process, and (3) officer exclusions are common and fair in securities class actions.

The Court agrees with Lead Plaintiff that the exclusion of Opus officers from the settlement does not affect the fairness of the settlement for class members. For purposes of granting final approval of the class action settlement, it does not matter whether a particular officer is part of the class. If he or she is included, then he or she can participate in the settlement. And if he or she is not, then he or she will not be precluded from seeking relief from Defendants on his or her own.

The problem, however, is that the Notice does not provide sufficient guidance to allow Opus shareholders to assess whether they are included in the class definition. The Notice does not explain what the class definition means by excluding Opus "officers" from the class. Mr. de la Peña is a perfect example. In its reply to Mr. de la Peña's objection, Lead Plaintiff stated that Mr. de la Peña was Senior Vice President and Deputy General Counsel at Opus. Reply, at p. 2 n.3. The class definition's exclusion of officers would appear to apply to a high-ranking individual like Mr. de la Peña. However, Lead Plaintiff's counsel at oral argument indicated that Mr. de la Peña may be permitted to participate in the settlement. Final Approval Hr'g Tr. 3:21–6:13 (Dkt. No. 110). It therefore is unclear what the class definition means when it excludes "officers and directors of Opus during the Class Period."

Lead Plaintiff points to a litany of cases in which courts approved shareholder class action settlements that excluded officers from the class. *See* Jul. 13, 2018 Decl.

1  Daniel Sommers, ¶ 4, Ex. C (Dkt. No. 107).  But the problem is not the exclusion
2  itself; it is the way Lead Plaintiff seems to interpret that exclusion.  Initially, the Court
3  read the class definition to mean what it says—that all Opus officers are excluded
4  from the class.  At the final approval hearing, however, Lead Plaintiff indicated that
5  the exclusion does not mean what it says.  As counsel for Lead Plaintiff explained,
6  "not all officers will necessarily be excluded from the class."  Hr'g Tr. 5:3–5.  He
7  further noted that, at Opus, "there are many people given the title 'officer,'" including
8  loan officers and information technology officers, who likely would not be excluded
9  from the class.  Hr'g Tr. 7:1–20.

10       This uncertainty about the class definition's meaning renders the Notice
11 deficient.  Mr. de la Peña stated during the final approval hearing that he had spoken
12 to other Opus "officers" about the settlement.  Hr'g Tr. 8:18–9:5.  Those officers told
13 Mr. de la Peña that they did not think they were included in the class definition and
14 therefore did not submit claim forms.  *Id*.  Given Lead Plaintiff's description of the
15 officer exclusion, it appears that many of those shareholders may have actually been
16 able to participate in the settlement.  Thus, the class definition's lack of clarity has
17 apparently prevented class members from submitting viable claims.

18       Lead Plaintiff's proposed solution to the problem Mr. de la Peña raised is to
19 require class members to submit claim forms and then let the claims administrator, or
20 eventually the Court, determine whether they should be included in the settlement.
21 But the deadline for submitting claims has already passed, leaving those who decided
22 not to submit claim forms without recourse.  Moreover, Lead Plaintiff's solution
23 would still leave Opus shareholders, and the Court, without any guidance as to which
24 Opus officers will be excluded from the settlement and which will not.

25       The Court therefore holds that Lead Plaintiff must issue a supplemental notice
26 that provides further guidance about which Opus officers will be included in the class.
27 The supplemental notice shall provide a basis for determining which officers will be
28 allowed to participate in the settlement and which will not.  It also must extend the

1  time for class members to submit claims in response to the supplemental notice.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Lead Plaintiff's motion for final approval without prejudice.  Lead Plaintiff shall provide a supplemental notice to class members that describes what the class definition's exclusion of "officers and directors of Opus during the Class Period" means.  It shall then extend the deadline to submit claim forms such that class members will have a reasonable opportunity to submit claims in response to the supplemental notice.  Lead Plaintiff may re-submit its final approval motion after complying with this order.  The Court also **STRIKES** Lead Plaintiff's motion for attorneys' fees and expenses (Dkt. No. 102) subject to refiling in conjunction with a renewed motion for final approval.

**IT IS SO ORDERED.**

Dated: August 07, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

5.