**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Telephone: (310) 201-9150
Facsimile: (301) 432-1495
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
lportnoy@glancylaw.com

*Liaison Counsel for Lead Plaintiff and the Class*
[Additional counsel listed on signature page]

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHWARTZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OPUS BANK, STEPHEN H. GORDON, and MICHAEL L. ALLISON, <br><br> Defendants. | Civil No. 2:16-cv-07991-AB-JPR <br><br> **[PROPOSED] ORDER AND FINAL JUDGMENT** |

WHEREAS, this matter came before the Court for hearing on November 2, 2018 (the "Final Approval Hearing"), on the application of Lead Plaintiff Arkansas Public Employees Retirement Fund ("APERS" or "Lead Plaintiff") and Opus Bank ("Opus"), Stephen H. Gordon ("Gordon"), and Michael L. Allison ("Allison") (collectively "Defendants"), to determine (i) whether the terms and conditions of

1

the Stipulation and Agreement of Settlement, dated as of December 22, 2017 (the "Settlement" or the "Stipulation") and the proposed settlement embodied therein are fair, reasonable, and adequate and should be approved by the Court; and (ii) whether a Judgment providing, among other things, for the dismissal with prejudice of this Action against Defendants as provided for in the Settlement, should be entered; and

WHEREAS, the Court, in its Order dated March 12, 2018 (the "Preliminary Approval Order"), directed that the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and a Proof of Claim Form, substantially in the forms attached as Exhibits A-1 and A-3 to the Preliminary Approval Order, be mailed by first-class mail, postage pre-paid, within twenty-one (21) days following entry of the Preliminary Approval Order (the "Notice Date") to all putative Class Members at the address of each such Class Member as set forth in the records of Opus' stock transfer agent, or who otherwise could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action and Proposed Settlement (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-2, be published in *Investors' Business Daily* and on *PR Newswire* as of fourteen (14) days after the Notice Date; and that the Settlement, Notice, and Proof of Claim Form be posted to a website dedicated to the administration of the Settlement on or before the Notice Date; and

WHEREAS, the Court held a hearing on July 20, 2018 at which it heard oral argument on Lead Plaintiff's motion for final approval of the Settlement and Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and heard oral argument from an objector regarding the exclusion of "officers … of Opus during the Class Period" from the Class, and from the parties in response; and

WHEREAS, the Court, in its Order dated August 7, 2018, directed Lead Plaintiff to issue a supplemental notice (the "Supplemental Notice") to Class Members providing further clarification of the definition of the term "officer" and the meaning of the class definition's exclusion of "officers and directors of Opus during the Class Period"; and

WHEREAS, the Supplemental Notice advised Class Members of the date, time, place and purpose of the Final Approval Hearing, and further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties by October 19, 2018; and

WHEREAS, the provisions of the Preliminary Approval Order and the Court's Order dated August 7, 2018 as to notice were complied with; and

WHEREAS, on October 12, 2018, Lead Plaintiff, joined by Defendants, moved for final approval of the Settlement, as set forth in the Court's Order dated August 23, 2018;

WHEREAS, the Final Approval Hearing was duly held before this Court on November 2, 2018, at which time all interested persons were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Final Approval Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. This Judgment hereby incorporates by reference the definitions in the Settlement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Claims Administrator.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, this Court finally certifies this Action as a class action with the Class defined as: all persons or entities who purchased shares of Opus common stock between January 26, 2015 and January 30, 2017, inclusive. Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Opus during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors,

or assigns of any of the foregoing excluded persons or entities who assert an interest in Opus common stock through or on behalf of any such excluded persons or entities. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4. The Court finds and concludes, for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied in that: (1) the number of Class Members is so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to Class Members; (3) Lead Plaintiff's claims are typical of the Class's claims; (4) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; (5) the questions of law and fact common to Class Members predominate over any individual questions; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff as class representative for the Class, and finally appoints Cohen Milstein Sellers & Toll PLLC, previously appointed as Lead Counsel, as counsel for the Class.

6. The notice of the pendency of the Action as a class action and of the proposed Settlement, including the Notice, Summary Notice, and Supplemental Notice, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order and Court's Order dated August 23, 2018. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the due process clause); and all other applicable laws. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of their right to seek to exclude themselves from the Class, of the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves from the Class by

written communication postmarked or otherwise delivered on or before the date set forth in the Court's Order dated August 23, 2018 and the Supplemental Notice are bound by this Judgment. Those persons and entities who timely and properly requested to be excluded from the Class are set forth on Exhibit 1 annexed hereto.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate, and in the best interests of Class Members, including Lead Plaintiff. This Court further finds that the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Settling Parties and that it was negotiated with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. The Court hereby finally approves the Settlement Fund as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-1.

11.     The Action and all claims asserted therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement.

12.     Upon the Effective Date, Lead Plaintiff and each Class Member, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

13.     Upon the Effective Date, each of the Defendants, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the

Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Settled Defendants' Claim or any matter related thereto.

14. Notwithstanding any of the releases above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

15. The fact and terms of the Settlement, including the exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a. shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or

in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

   b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Class Members;

   c. shall not be offered or received against the Released Parties, Lead Plaintiff or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to this Settlement to effectuate the protection from liability granted them hereunder;

   d. shall not be construed against the Released Parties, Defendants' Counsel, Lead Plaintiff's Counsel or Lead Plaintiff or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

e. shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. No Class Member shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or against any of the Defendants, the Released Parties or Defendants' Counsel based on the investments, costs, expenses, administration, allocations, payments, and distributions that are made substantially in accordance with the Settlement, the Plan of Allocation approved by the Court, this Judgment or further order of the Court.

17. Neither Defendants nor any of the other Released Parties shall have any obligation to fund any portion of the Settlement Amount as set forth in ¶ 2 of the Settlement.

18. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's Claim on equitable grounds and any award or distribution of the Settlement Fund and/or Net Settlement Fund, including entry of a Class Distribution Order; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees and reimbursement of the Litigation Expenses incurred by Lead Plaintiff's Counsel; (e) enforcing and administering this Judgment,

11

including the releases entered herein; (f) enforcing and administering the Settlement; and (g) any other matters related or ancillary to the foregoing.

19. A separate order has been proposed regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Plaintiff's Counsel's Litigation Expenses. In addition, it is anticipated that separate Class Distribution Order(s) will be proposed for consideration by the Court. Such orders, if entered, shall not disturb or affect any of the terms of this Judgment and any appeal of or challenge to any such orders, or reversal or modification thereof, shall in no way disturb or affect the finality of the provisions of this Judgment or preclude the Effective Date of the Settlement from occurring or provide any Settling Party with any basis to terminate the Settlement.

20. The Plan of Allocation submitted by Lead Counsel, as described in the Notice, is hereby approved as fair, reasonable and adequate. The approval of the Plan of Allocation, and any order or proceeding relating thereto, shall not disturb or affect any of the other terms of this Judgment. Any appeal of or challenge to, or reversal or modification of, the approval of the Plan of Allocation, and any order or proceeding relating thereto, shall in no way disturb or affect the finality of the other terms of this Judgment or preclude the Effective Date of the Settlement from occurring or provide any Settling Party with any basis to terminate the Settlement.

21. In the event that the Effective Date of the Settlement does not occur or the Settlement is terminated pursuant to its terms, then this Judgment shall be

rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to November 18, 2016; and (c) any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees and Litigation Expenses, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement Amount and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by Lead Counsel and/or the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants' Counsel to Lead Counsel, all as specified in ¶ 48 of the Settlement.

22. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

23. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

13

IT IS SO ORDERED.

DATED: 11/5/2018

_____
THE HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

14

**EXHIBIT 1**

Persons and entities timely and properly requesting exclusion from the Class:

1.  Asa J. Lakeman